GEORGE M. EDWARDS v. JOSIE M. SOURBEER.

No. 14,413. (84 Pac. 1033.)

SYLLABUS BY THE COURT.

1. ESTOPPEL—*Action Brought in the Name of Another—Settlement by Nominal Plaintiff.* One who as attorney brings a proceeding for the unlawful detainer of real estate in the name of another may thereby estop himself to deny that the nominal plaintiff is the real party in interest and therefore entitled to settle the litigation and compromise the subject-matter thereof, although the defendant may have notice that such attorney claims to be himself entitled to the possession of the property; and *held*, that under the facts of this case such an estoppel arises.

2. ——— *Failure to Plead—Consideration on Review.* Where a case is tried as though a question of estoppel were in issue, the fact that it was not formally presented by the pleadings does not prevent its consideration on review.

Error from Meade district court; EDWARD H. MADISON, judge. Opinion filed March 10, 1906. Reversed.

*Francis C. Price,* and *F. M. Davis,* for plaintiff in error.

*R. W. Griggs,* and *Peters & Peters,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Josie M. Sourbeer recovered a judgment against George M. Edwards for damages for the conversion of a crop of wheat, and Edwards prosecutes error.

The land upon which the crop was grown was sold under an order of court by a receiver in April, 1899. It was bought in by R. W. Griggs, a lawyer, for his own benefit, but as a matter of convenience the bid was made in the name of his son, J. R. Griggs. No receiver's deed was made until some time later, but as there was some evidence tending to show that immediate possession was given to R. W. Griggs, and that

Edwards v. Sourbeer.

he was recognized by all persons concerned as the owner, this consideration is not important, and the case may be treated as though he acquired a full title in April, 1899.

Edwards occupied the land for the season of 1899 under an oral lease made with J. R. Griggs, whom he paid in full, R. W. Griggs consenting to this arrangement. In May, 1900, a written lease to Edwards from April 1, 1900, to April 1, 1901, was executed by J. R. Griggs, who signed it, however, "R. W. Griggs by J. R. Griggs," the rent named being $25. In September, 1900, Edwards sowed a crop of wheat. While he was engaged in the work R. W. Griggs had a conversation with him in which Griggs claimed the ownership of the land, denied the authority of J. R. Griggs to make a lease for it, and said that he wanted it himself. He also offered to pay Edwards whatever expense the latter had incurred in the matter.

The written lease by its terms expired April 1, 1901, but Edwards continued to hold possession with the obvious intention of harvesting the wheat crop. With the equally manifest purpose of preventing this, a proceeding for unlawful detainer was begun against him April 18, 1901, in the name of J. R. Griggs, R. W. Griggs acting as his attorney. A verdict was rendered for Edwards, but an appeal bond was filed and approved. While matters stood in this shape Edwards and J. R. Griggs entered into a written agreement for the settlement of the controversy, providing in substance that the unlawful detainer proceeding should be dismissed and that Edwards should be relieved of any costs of the litigation, should retain the wheat, which he had already harvested, and should pay J. R. Griggs $52. Edwards made the payment and marketed the wheat.

In March, 1903, Josie M. Sourbeer, a daughter of R. W. Griggs, began this action against Edwards to recover the value of the wheat. She based her title upon the ownership of the land, claiming that in 1899

15—73 KAN.

her father had told her she could have it (presumably for an agreed price), and that in July, 1900, she had paid him for it, although she received no deed until after her action was begun. Edwards for his defense relied upon his settlement with J. R. Griggs, claiming that whatever the rights of the different members of the Griggs family may have been among themselves their conduct worked an estoppel to assert against him that the compromise was unauthorized.

Before Edwards cut the wheat and before he made the adjustment with J. R. Griggs he received a notice from Mrs. Sourbeer, signed by her father, with others, as her attorneys, stating that she claimed to own the crop. - Mrs. Sourbeer relies upon this fact to charge Edwards with notice of whatever actual rights she had, and seeks to evade the effect of the settlement made with J. R. Griggs upon two theories, namely: (1) That in virtue of her contract with her father for the land, and of her payment to him of the price, she became its real owner in July, 1900, and that therefore nothing that either J. R. Griggs or R. W. Griggs, or both of them, did after that time could affect her rights in favor of any one who had notice of her claim; (2) that at all events she was in effect an assignee of all the rights of R. W. Griggs, and as such entitled to maintain any action that he could have brought, and that he was not bound by the settlement with J. R. Griggs because Edwards when he made it knew that the father was the real party in interest and that the son had no authority to make an adjustment of the controversy.

As to the first contention, this court is of the opinion that Mrs. Sourbeer had no capacity to maintain the action for the conversion of the wheat otherwise than as the successor of whatever rights R. W. Griggs had in that regard. She claims title to the wheat only as the owner of the land. She had no deed until long after the crop had been harvested. While the payment of the purchase-price may have rendered her the

equitable owner of the property, as between her father and herself, she had acquired no standing to be so considered by Edwards. R. W. Griggs had no paper title whatever; J. R. Griggs had no deed, but was shown by the court records to be the purchaser of the land at judicial sale. As to them the absence of formal title is immaterial, because of their possession and of Edwards's dealings with them. But it would be stretching the privilege of an equitable owner to sue for a conversion of a crop too far to extend it to Mrs. Sourbeer, who never had possession of the land and never had any contract with Edwards concerning it. Without attempting to frame any general rule as a test of the right of a mere equitable owner to maintain an action based upon the title to land, we are of the opinion that under the circumstances of this case Mrs. Sourbeer acquired no status as an independent claimant of the crop here in controversy, notwithstanding the notice that was given to Edwards in her name.

It remains to consider the claim of Mrs. Sourbeer in the same light as though it were urged by R. W. Griggs. In this aspect its validity depends upon whether the action of R. W. Griggs in conducting the unlawful detainer proceeding as attorney for his son created a conclusive presumption as against him that the plaintiff was authorized to contract for the settlement of the litigation and the adjustment of the subject-matter there in dispute, and thereby estopped him to deny the validity of the compromise that was effected. It is to be said that Griggs, senior, was not merely an attorney in the case. It appears from his own testimony that the proceeding was brought by him for his own benefit, and that the name of his son was used as plaintiff merely because at the time he began it he had the mistaken impression that the lease had been executed in the name of J. R. Griggs. On the other hand, he claims that Edwards knew that the plaintiff was only a nominal party. The sole testimony in support of this contention was that before the ad-

justment was made the younger Griggs was overheard to tell Edwards that he had no interest in the land and could not settle the litigation. Edwards admitted that he had heard that the two Griggses had had a falling out. These considerations, however, cannot overcome the effect of the facts already recited. The pleadings in behalf of the plaintiff in the unlawful detainer action were drawn upon the theory that J. R. Griggs owned the real estate and that Edwards had entered it as his tenant. When R. W. Griggs, notwithstanding his former protest, elected to bring an action in his son's name, alleging that the plaintiff was the owner and therefore entitled to possession of the land, he clothed him with authority not only to settle the litigation but to make an adjustment of the controversy it involved, and justified the defendant in relying upon that authority and entering into a compromise designed to end the whole matter. It is needless to inquire what circumstances might have changed the situation of the parties so that Edwards would no longer have been protected by a settlement made with the younger Griggs. It is enough to say that the facts already stated were insufficient to have that effect.

It is argued in behalf of the defendant in error that Edwards cannot rely for recovery upon equitable estoppel because he did not plead it. The record discloses, however, that the case was tried as though the question of estoppel was in issue, and the fact that it was not formally presented by the pleadings is therefore unimportant.

It results from these conclusions that the judgment must be reversed. The cause is remanded for further proceedings in accordance with the views here expressed.

All the Justices concurring.