CHARLES W. LASHER

*v.*

S. K. COLTON, Admr.

*Opinion filed December 22, 1906—Rehearing denied Feb. 16, 1907.*

1. PLEADING—*non-joinder of parties plaintiff may be shown under general issue.* Striking from the files a plea of non-joinder as to parties plaintiff is not error where the general issue is filed, since such non-joinder may be shown under the latter plea.

2. PARTIES—*nominal partner need not join in suit as plaintiff.* A son employed by his father as a clerk and having no interest in the business, although it is carried on in the name of father and son, need not join in an action on a contract made by the father for services connected with the business, where he is not specially named as a contracting party.

3. SAME—*when exclusion of question of partnership from consideration of jury is not error.* Exclusion from the consideration of the jury, in an action by an architect for services, of the question whether a partnership existed between the plaintiff and his son is not error, where the son, having testified he was not a partner, is estopped to thereafter make any contrary claim, and it does not appear that the defendant could have made any other defenses, in the nature of set-off or recoupment, had the son been joined and a partnership proved.

4. WITNESSES—*extent to which plaintiff is bound by testimony of defendant whom he calls as a witness.* A plaintiff who calls the defendant as a witness in his behalf is bound by the testimony of such defendant only in so far as it is entitled to credit, taking into consideration its reasonableness and all other proper tests of credibility applicable to witnesses and the weight of their testimony.

5. APPEALS AND ERRORS—*new points cannot be urged on appeal.* An appellant is confined, in the court of review, to the grounds of complaint set out in his written motion for new trial, as presented to the trial court.

6. SAME—*on appeal, the abstract must present all errors.* Under the rules of court the printed abstract of record must present every error and exception relied upon to reverse the judgment, and where the abstract shows the giving of a certain instruction was not set out among the grounds urged for a new trial, the question cannot be made on appeal.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

LESLIE A. NEEDHAM, for appellant.

DAVID L. ZOOK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action in assumpsit, originally brought in 1893 in the circuit court of Cook county by Alexander M. F. Colton for money claimed to be due as compensation for services rendered appellant by said Colton, as architect, in the erection in the city of Chicago of a house valued at some $35,000. One judgment entered upon a verdict against the appellant was reversed and the cause remanded by the Appellate Court. Upon a second trial the jury again found against the defendant, appellant herein, and judgment was rendered October 7, 1904, for $1613, which judgment was affirmed by the Appellate Court. The case was thereupon appealed to this court. While this litigation was pending, March 13, 1896, the plaintiff died, and his son, Samuel K. Colton, as administrator, was substituted.

Appellant's main contention is that there is a variance between the declaration and the proof; that the suit is brought in the name of the father, Alexander M. F. Colton, as the sole plaintiff, when, as a matter of fact, a partnership existed at the time the contract was entered into and the work done, between the plaintiff and his son, Samuel K. Colton, and that the work was done by the firm of A. M. F. Colton & Son.

The plea of general issue was filed by defendant to the declaration on August 21, 1893, and the case appears to have been tried on these pleadings before the first jury. June 9, 1903, on leave of court the defendant filed a plea of non-

joinder as to plaintiff, and this plea was afterwards stricken from the files September 30, 1904. In this there was no error. (*Fisher* v. *Cook,* 125·Ill. 280.) But even if the court had been wrong in striking the plea from the files the defendant was not injured thereby, as under his plea of general issue his objection of non-joinder of proper plaintiffs may be interposed. *Snell* v. *DeLand,* 43 Ill. 323; *Siegel, Cooper & Co.* v. *Schueck,* 167 id. 522.

Considerable evidence was introduced before the jury on the question of the alleged partnership. It appears from the. testimony that about the time the contract was made and the work done the plaintiff and his son occupied the same offices as architects, and that the name appeared on the door as A. M. F. Colton & Son; that some correspondence with third parties with reference to business was carried on under the name of A. M. F. Colton & Son; that appellant talked with both father and son as to the contract before he made the arrangement; that he wrote some letters during the progress of the work addressed to A. M. F. Colton & Son and received some letters from them signed in the same way. Samuel K. Colton testified positively that he was never in partnership with his father; that the latter paid all the office expenses; that he was merely employed by his father; that the contract was made by his father with appellant and that appellant so understood it. Appellant denies this, and states he thought that a partnership existed and that the contract was with·the firm. It appears in the record, without contradiction, that the building contracts made for putting up the building and signed by Lasher with the various contractors for the concrete work, cut stone, plumbing, etc., each contained a recitation that the work was to.be done under the direction ánd supervision of A. M. F. Colton as architect. The evidence on behalf of plaintiff is, that the architect's certificates for work done showed that A. M. F. Colton was the architect. Appellant claims these certificates and the checks were lost in moving his offices.

Before the case was submitted to the jury an instruction was given that the question as to whether there was a partnership between the father and son had been withdrawn from their consideration, and that they were to disregard any evidence directed to that issue.   In order to decide whether the giving of this instruction constituted error it is necessary first to consider whether, on the facts presented by the record, the action could legally be brought in the name of the father without joining his son.

In his work on Partnership, (5th ed. par. 241,) Story states as a general rule "that in all suits at law all the partners should join.   The rule, however, undergoes, or may undergo, an exception in cases of dormant partners, for it is at the option of the plaintiffs in such cases either to join the dormant partner in the suit or to omit him.   *   *   * The same exception applies, *a fortiori*, where a man is merely a nominal partner, for as he has no real interest there seems no necessity of his joining as a party in any partnership suit, although there is no doubt he may so join."

Chitty, in his work on Pleadings, states: "Whether or not one member may sue alone where he is solely interested in the concern and the other ostensible partner is a mere nominal party without any interest in the business, *was* a question of some difficulty.   It appears that in such case the partner having the exclusive interest might sue alone, and in a recent case where an attorney carried on business under the firm name of A & Son, and the son was not, in fact, a partner but acted as clerk to his father and received a salary, it was held that A might maintain an action in his own name to recover from a client the amount of a bill for business done." (1 Chitty's Pl.—14th Am. ed.—*12.)

The decision referred to is *Kell* v. *Nainby,* 10 Barn. & Cress. 20, and supports fully the rule laid down by Chitty. This case is cited in Gow on Partnership, (2d ed. p. 140,) where the author states: "Neither is it requisite to the maintenance of an action commenced by the real members

of a firm that a nominal member should be joined, if it be made to appear that he has no interest as a partner, for although, as against creditors, a nominal partner is to be considered *bona fide* a partner, yet that is not the case with respect to debtors." In Collyer on Partnership (5th Am. ed. p. 642, sec. 662,) the author lays down substantially the same rule. To the same effect are *Lloyd* v. *Archbolle,* 2 Taunt. 324, and *Teed* v. *Elworthy,* 14 East, 310.

In a comparatively recent work on partnership, the author, in discussing this question, states: "Nominal partners, as they have no interest in the firm, need not be joined as co-plaintiffs on simple contract debts when they are not specially named as contracting parties, whether they are parties held out as partners without ever having had an interest in the firm, or are partners who have retired, leaving their names in the partnership." (2 Bates on Law of Partnership, p. 1023.) The same author defines the term "nominal partner," as commonly understood, to mean "a person who is not a partner at all but allows the use of his name in the firm, generally to give it additional credit or to attract custom, thus incurring all the liabilities while deriving none of the benefits of the association." (2 Bates on Law of Partnership, sec. 11.) He also (vol. 1, sec. 109,) holds that as the nominal partner has no real interest in the claim belonging to the firm, therefore the actual owners can recover in their own names and "should not join the nominal partner. In other words, the theory of a partnership by holding out is one of liabilities and not of rights."

The precise question under consideration has never been decided by this court, the point having always heretofore been as to joining the nominal or dormant partner as defendant rather than plaintiff. The courts of last resort in other States have had this question before them and have held the law to be as stated in the authorities heretofore quoted. *Wilson* v. *Wallace,* 8 S. & R. 52; *Boardman* v. *Keeler,* 2 Vt. 65; *Waite* v. *Dodge,* 34 Vt. 182; *Hatch* v.

*Wood,* 43 N. H. 633; *Enix* v. *Hayes,* 48 Iowa, 86; 15 Ency. of Pl. & Pr. 858.

The appellant in this case cannot be injured in any way by the son not joining as plaintiff. The son has testified that he was not a partner, and he is estopped from making a contrary claim hereafter. While there was some testimony heard that tended to show that A. M. F. Colton and his son held themselves out to the world as partners in some of their business dealings, the entire record shows, without any controversy, that as a matter of fact there was no partnership; that the work done for appellant was in reality by the father. This being the case, so long as appellant was not in any way injured thereby the trial court ruled correctly in refusing to submit the testimony on the question of partnership to the jury. Had there been any substantial testimony submitted which tended to prove that appellant could have presented other or different defenses, in the nature of a set-off or recoupment, if the son were joined as plaintiff, (Gow on Partnership,—2d ed.—p. 140,) then the question of partnership might, under such circumstances, have been properly submitted to the jury for consideration; but, as we have said, on this question there was not the slightest evidence,—not even a scintilla,—to that effect.

It is urged that the trial court committed error in refusing appellant's motion, at the close of plaintiff's case, to direct a verdict for defendant, and also in refusing appellant's motion, at the close of all the evidence, that the jury be instructed to find for the defendant. The only argument made in support of this contention is, that it was shown by the evidence that a partnership existed between the plaintiff and his son, Samuel K. Colton, and that the court should not have permitted the evidence to be submitted to the jury when the son was not a party plaintiff. What we have said heretofore renders further discussion of this contention unnecessary.

On the question of negligent planning and faulty construction of the building for which appellant argued he should have been allowed to recoup, as well as the rate or amount of compensation agreed upon by the parties, the evidence somewhat sharply conflicted. It legally tended to prove the contention of the plaintiff, and was certainly not of such a nature that all reasonable minds would reach the conclusion claimed by appellant, hence the verdict of the jury and the judgment of the Appellate Court on these questions must be held to be final. This court has nothing to do with the weight of the evidence. *Meyer* v. *Purcell,* 214 Ill. 62; *Henry* v. *Stewart,* 185 id. 448; *Brown* v. *White,* 219 id. 632.

Appellee called appellant as a witness on certain facts in the case. The court refused to give on this point the following instruction :

"The court instructs the jury, as a matter of law, that the plaintiff in this cause having called to the witness stand the defendant, Lasher, for the purpose of taking his testimony in the cause as a witness on behalf of the plaintiff, that the plaintiff has by so doing vouched for the truthfulness, under oath, of the defendant, Lasher, and that the jury, in determining the weight and credibility to be accorded to the testimony of the said defendant, Lasher, should take this fact into consideration."

This refusal is urged as error. The very authorities cited by appellant to uphold his contention that this instruction should have been given show that it is objectionable. Appellant's testimony only bound appellee in so far as it was entitled to credit, taking into consideration its reasonableness and all other proper tests of credibility to be applied to witnesses and the weight of their evidence. *Rindskoph & Co.* v. *Kuder,* 145 Ill. 607; *Highley* v. *American Exchange Nat. Bank,* 185 id. 565; *United States Brewing Co.* v. *Ruddy,* 203 id. 306.

Appellant complains as to the refusal and giving of certain other instructions found in the record. Some of the re-

fused instructions are fully covered by other instructions given, and without discussing in detail the various questions raised, we deem it sufficient to say that we do not consider that there was prejudicial error committed against appellant on the question of instructions.

We find no material error in the record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Subsequently, on a petition for rehearing, the following additional opinion was filed:

Per CURIAM: Appellant complains of the giving of instruction X. In his written motion for new trial in the circuit court appellant set out the special grounds upon which he relied. He is therefore confined to the grounds specified and set forth in that motion. *Metropolitan West Side Elevated Railroad Co.* v. *White,* 166 Ill. 375; *Illinois Central Railroad Co.* v. *Johnson,* 191 id. 594; *Call* v. *People,* 201 id. 499.

An examination of the abstract in this case shows that in the points set up on this written motion for new trial nothing is stated that specifically or in a general way covers any objection to said instruction X. Under the rules of this court "the abstract must be sufficient to fully present every error and exception relied upon." The written motion for new trial having attempted to specify the grounds of such motion, and failing, as shown by the abstract, to raise any question as to instruction X being faulty, appellant can not urge the question before this court.

*Rehearing denied.*