NELLIE RULLMAN, *as Guardian, etc., Appellee*, v. LOUIS RULLMAN, *Appellant*.

No. 16,264.

### SYLLABUS BY THE COURT.

1. GUARDIAN AND WARD—*Termination of the Relation.* The arrival of a ward at majority terminates the guardianship, except for the purposes of accounting and settlement with the ward.

2. PARTIES—*Action on a Contract—Trustee.* One to whom a contract right has been transferred may bring and maintain an action thereon, although he may have no beneficial interest in the same.

3. —— *Real Party in Interest.* The defendant has a right to insist that an action against him shall be brought by the real party in interest, as the statute provides, but the purpose of the statute has been attained if the defendant is not shut out from defenses and counterclaims and will be fully protected by the judgment from any further liability on the same cause.

4. —— *Transfer by Beneficiary of Right to Maintain Action.* Under the testimony in this case it is held that the one holding the beneficial interest in the claim sued on had vested the plaintiff with the right to bring the action, and that the beneficiary was as fully estopped by the judgment as if she had been a party to the action.

5. PRACTICE, SUPREME COURT — *Technical Errors.* Harmless error does not justify the reversal of a judgment.

6. —— *Findings and Judgment—Evidence.* The testimony in the case examined and held to be sufficient to sustain the findings and judgment.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed January 8, 1910. Affirmed.

*S. M. Brewster,* and *A. C. Bell,* for the appellant.
*J. J. Baker,* for the appellee.

The opinion of the court was delivered by-

JOHNSTON, C. J.: Nellie Rullman, as guardian, brought this action in behalf of Mary Louise Selover, a daughter by a former marriage, for the recovery of $919.58, the balance of an alleged loan of $1000 made to Louis Rullman, her present husband. She alleged that the loan was made in January, 1898, payable when the ward should reach majority, with interest at the rate of eight per cent per annum, and that the transaction was verbal; that the ward reached majority August 16, 1901; that defendant continued to pay interest on the loan until March, 1902; that at that time he turned over the rental of certain property to her, to be applied on the principal and interest of the loan; that this rental was collected and applied on the loan until September, 1906, and that in 1906, when she demanded payment of the debt, he refused payment, and hence the action was brought. In his answer he denied the averments of the petition and alleged that the cause of action did not accrue within three years before the commencement of the action. It is in testimony that when Mary Louise Selover was about fifteen or sixteen years of age she lived with her mother and stepfather, and that her mother was her duly appointed and acting guardian; that as such guardian she sold, in the fall of 1897, property belonging to the ward and loaned the proceeds to her husband; that Louis Rullman made a verbal agreement that when the ward should become of age, or as soon thereafter as Mrs. Rullman should demand payment, he would pay the amount so borrowed, and until that time would pay eight per cent annual interest upon

the loan; that in 'March, 1902, he agreed that she might apply on the loan and accrued interest the rent of certain premises belonging to him, and that this was done up to September, 1906. At the time of bringing this suit the ward was about twenty-four years of age, and was married. Upon trial of the case the jury found that the amount loaned was $700, instead of $1000, and there was credited on this amount the rent collected and applied on the loan, leaving due at the time of the trial $556.54, for which judgment was given.

In an appropriate way the appellant challenged the right of Nellie Rullman to maintain an action for money belonging to her daughter, who had been an adult more than five years before the action was begun. It is the general rule, as appellant contends, that when the ward arrives at majority guardianship terminates for all purposes, except for the final accounting and settlement with the ward. (*Klemp v. Winter,* 23 Kan. 699; *Harris v. Calvert,* 2 Kan. App. 749, 754; *Probate Judge v. Stevenson,* 55 Mich. 320; 21 Cyc. 50, and authorities there cited.)

The claim for money loaned belonged to Mary, and she, being of age, was entitled to control and collect it. Was her mother a proper party, or, as the code requires, a real party in interest? A party may be a real party in interest without having the beneficial interest in the claim or the ownership of the thing in suit. It was held in *Manley v. Park,* 68 Kan. 400, that one suing on a note in which he had no beneficial interest, but which had been transferred to him to enforce for the benefit of the payee, was a real party in interest within the meaning of the code. The authorities supporting this view are collected in a note to *Stewart v. Price,* 64 Kan. 191, in 64 L. R. A. 581, a case which was overruled by *Manley v. Park,* supra. This note refers to numerous cases which show that the rule applies to transferred accounts and choses in action other than commercial paper. When one assigns his claim to another for collection or

authorizes him to sue for its enforcement he thereby gives such other the character of a real party in interest, and effectually concludes himself on the transferred claim. The relation between these parties is of little concern to the defendant debtor if he has the opportunity to make all of his defenses and will be protected by a payment to the one bringing the action. In *Greene v. McAuley*, 70 Kan. 601, Mr. Justice Mason suggested what was conceived to be "the true rule, of general, if not universal, application, that so far as affects the question of the right of the plaintiff to maintain the action the only inquiry open to the defendant is whether the plaintiff has such title to the note that a payment made to him would be a complete protection to defendant from any further liability." (Page 607.) So far as the defendant is concerned, the test of the real party in interest or his right to object to the title or right of plaintiff is not founded on whether or not plaintiff is actually or substantially interested in the subject matter of the action. As to him it has been said:

"Defendant's right to object is limited by the purpose of the statute; and its evident purpose is not to allow defendant to demand the adjudication of equities which exist wholly between plaintiff and third persons. So far as defendant is concerned, the purpose of the statute is fully attained if, in the suit as brought, defendant is not shut out from his proper defenses and counterclaims and will be fully protected by the judgment, whether for or against plaintiff, in the event of any other claim on the same cause." (30 Cyc. 83.)

Did Mary transfer the claim to her mother for collection or vest her with the right to sue upon it? She was a witness in the case and testified to the conversation participated in by her mother, stepfather and herself, after reaching majority and being married, relating to the collection of the rental and the application of the same upon this loan. She testified that her mother had obtained money on the claim from time to time and had paid the same over to her. Upon inquiry

she said, "I did n't bring the suit.  My mother brought it" ; and to the question, "You did n't direct her to bring it?" she said, "I asked her to get the money."  She appeared to proceed on the theory that since there had been no final settlement of the guardianship it was proper for her mother to enforce the collection of the claim.  At any rate she made it plain that there was consent to and coöperation in the action taken by her mother in bringing the suit.  She said that in case her mother won the suit she expected to get the money, and that when Rullman paid the money in it would be paid over to her.  To another inquiry as to whether she wanted him to pay it to her or to her mother she replied, "I would want him to pay it to my mother and she would pay it to me."  When asked if she put up security in the case she answered, "My mother did that for me."  It is reasonably clear from her own testimony that she vested her mother with the right to enforce the collection of this claim.  It is true there has been no formal assignment of it, but that is not essential to a valid transfer for the purposes of collection.  (*James Clark & Co. v. Wiss & Ballard,* 34 Kan. 553.)  But whether the mother be called the assignee or trustee, it is apparent that Mary gave full sanction to the maintenance of the action in her mother's name.  Although not a technical party, she was assisting in the prosecution of the action with full knowledge of what it involved.  In *American Bonding Co. v. Loeb,* 47 Wash. 447, 449, it was held that a person may be bound by a decree though not a technical party to the action, and one who was a witness in an action, fully acquainted with its character and object and interested in its result, was estopped by the judgment as fully as if he had been a party.  (See, also, *Shoemake v. Finlayson,* 22 Wash. 12.)  The right or title to the claim transferred to the mother is such that her recovery herein will bar all right of action on the claim against the appellant, and as he had the opportunity to urge all of the

defenses he had, as against either mother or daughter, the purpose of the code requiring the action to be prosecuted in the name of the real party in interest has been subserved.

Two checks signed by Mrs. Rullman and payable to Louis Rullman were received in evidence over the objection of the appellant. As they were not signed by her as guardian, it is argued that no sufficient connection was shown between them and the loan in question to make them competent. They at least tended to show payments of money from her to her husband about the time the ward's property was sold and the proceeds loaned to Rullman. While the connection between them and the loan was not clearly traced, it tended in a measure to support the theory of the appellee that money was loaned to Rullman at that time, and to this extent the testimony was competent. In fact he admits receiving considerable of the money charged against him. In no event can its admission have been prejudicial error.

Complaint is also made of the admission of two entries in the books of the bank showing a deposit by Nellie Rullman, on October 27, 1897, of $400, and another, made in February, 1898, of $300. It is argued that the finding of the jury that the loan was $700 instead of $1000 must have been based on this testimony. As Mrs. Rullman was not permitted to testify against her husband, there was apparently some difficulty in producing direct testimony of the loan. The appellant admitted that there was a sale of Mary's land just prior to the loan to him, and that part of the proceeds at least were loaned to him, but he stated that he only received about $400 or $500 of the proceeds of the sale. Testimony of admissions made by him to the effect that he received about $1000 was introduced. These deposits of money made by her in the bank, some of which it was shown was checked out to her husband, although weak and inconclusive, tended in some degree to support the

Rullman v. Rullman.

allegations and claim of the appellee. It is true that the appellee claimed and offered testimony tending to show that the loan was $1000, but the jury evidently concluded on the proof offered that she had only established her claim to the extent of $700. The failure to prove that he was owing the full amount claimed does not preclude the recovery of so much as she was able to establish. It is simply a case where the plaintiff failed to satisfy the jury of her right to recover all that was claimed. There was proof in the case that would have sustained the finding of a larger amount.

There is an objection to an instruction on the question of the burden of proof, and there appears to be some confusion in the statement of the rule. The burden of proof is, of course, upon the plaintiff, and where, as in this case, the averments show that the action would be barred were it not for alleged partial payments, it does devolve on the plaintiff to prove such payments. The court advised the jury that the burden was on plaintiff to prove these averments, and then followed it by saying that the burden was on the defendant to prove the defense that the action was barred. Ordinarily the burden is upon defendant to prove an affirmative defense that the statute of limitations has run against the claim, but there was no occasion to refer to this general rule in this case, as the issue had been joined on plaintiff's averments. The proof of the payment, however, was so complete that the confusion in the instruction must have been harmless. It is only prejudicial errors which justify a reversal.

The judgment of the district court is affirmed.