THE SOUTHERN PACIFIC COMPANY, *Appellant*, v. F. D. LARABEE et al., Partners, etc., *Appellees.*

No. 18,171.

SYLLABUS BY THE COURT.

CONNECTING CARRIERS—*No Contract—Delivering Carrier May Recover Total Freight.* Where goods are delivered to a carrier consigned to a point beyond its own line, no special contract being made, and are delivered to the consignor at the termination named, the delivering carrier may maintain an action against him for the total freight charges, notwithstanding his objection that it is not the real party in interest.

Appeal from Reno district court. Opinion filed May 10, 1913. Reversed.

*R. W. Blair, B. W. Scandrett, C. A. Magaw,* all of Topeka, and *H. A. Scandrett,* of Omaha, Neb., for the appellant.

*C. M. Williams,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: The Southern Pacific Company brought action against The Larabee Flour Mills Company, a partnership. A demurrer to the petition was sustained and the plaintiff appeals.

The petition alleged that the defendants delivered to the Chicago, Rock Island and Pacific Railway Company a quantity of flour to be transported from Pratt, Kan., to Los Angeles; that the flour was so transported by the Rock Island company and the plaintiff, and was delivered to the defendants; that the legal charge for such transportation is $509.60, no part of which has been paid.

The defendants maintain that the action is not brought by the real party in interest; that they had no contract relation with the plaintiff; and that no one but the Rock Island company has a right to sue for the freight charges. We regard these contentions as un-

tenable. The several parties to a shipment of goods effected by means of connecting carriers may be regarded as sustaining different relations with each other, according to the particular aspect in which the matter is presented. The initial carrier, in the absence of specific instructions, makes selection of the connecting carrier by whom the transportation beyond its own line shall be continued. (4 Elliott on Railroads, 2d ed., § 1440.) In doing so it acts as the agent of the shipper. (4 Elliott on Railroads, 2d ed., § 1569; 5 A. & E. Encycl. of L. 408, 410.) The federal statute makes the initial carrier liable to the shipper for a loss occurring at any point of the route, thus in effect making it the agent of the other carriers (*Atlantic Coast Line v. Riverside Mills*, 219 U. S. 186), but this does not affect the liability for compensation. So far as concerns the share of the freight charge apportioned to the plaintiff, it is the party beneficially interested in the collection, and sues only to enforce its own right. With respect to the share earned by the Rock Island company, the defendants can not object to the action being brought by the plaintiff if on the trial thereof they will be cut off from no defense, and if a judgment will protect them from further liability. (*Rullman v. Rullman*, 81 Kan. 521, 106 Pac. 52; 30 Cyc. 83.) The plaintiff argues that the court should take judicial notice that by custom the charges of the initial carrier are advanced by the connecting carrier upon receiving the goods, and assume that course to have been followed in this case, although not specifically pleaded. It is said in Schouler's Bailments and Carriers, 3d ed.:

"Were carriers to transport in succession without any through arrangement, each might demand his pay in advance or else hold the goods by his lien at his own journey's end; and the owner, in consequence, would have to employ some one at each terminus to settle charges and put the goods on their course. Hence the present business usage, founded on general

convenience and necessity, for each succeeding carrier to pay his predecessor's charges in turn, as the owner's agent, and perform his own transportation." (§ 610.)

Judicial notice will at all events be taken of the fact that, in the case of shipments involving the services of connecting carriers, if the freight charges are not prepaid they are collected in a lump sum by the final carrier, prior to delivery. "The methods in vogue, as the court may judicially know, embrace not only the voluntary arrangement of through routes and rates, but the collection of the single charge made by the carrier at one or the other end of the route." (*Atlantic Coast Line v. Riverside Mills,* 219 U. S. 186, 203.) If the plaintiff advanced the amount due the Rock Island company, as it had a right to do (6 Cyc. 495), or if in pursuance of an arrangement between the companies it was charged with the amount, it had a right to sue wholly for its own benefit. If it had neither paid nor been charged with the Rock Island company's share of the freight it nevertheless was entitled to make the collection for the benefit of that company as its agent. (4 Elliott on Railroads, 2d ed., § 1569; 6 Cyc. 496, note; 5 A. & E. Encycl. of L. 406, note; 2 Hutchinson on Carriers, 3d ed., p. 964. See, also, *Coal & Coke Co. v. Railroad,* 116 Mo. App. 214, 92 S. W. 714.) Having a beneficial interest it could sue in its own name. (31 Cyc. 1621.) The interstate commerce commission has made rulings to the effect that the final carrier is required to collect all undercharges. (Conference Rulings Bulletin No. 5, April 1, 1911, Rules 3, 16, 156, 187.) Whether or not these rulings apply directly to this case, they illustrate the proposition that the delivering carrier sustains such a relation to the transaction as to enable it to maintain an action for the freight charges in behalf of all the carriers concerned. If the defendants had paid the freight charges to the plaintiff at the time the goods were delivered to them at Los Angeles they would obviously have been protected from any

claim on the part of the Rock Island company.  A payment to the plaintiff now, or a judgment in its behalf, would be an equal protection.   If the fact that the action is brought by the Southern Pacific instead of the Rock Island company in any way embarrasses the defendants in any defense they might wish to offer it must be because of special circumstances which are not shown in the petition, and which must be pleaded, if reliance is to be placed upon them.

The judgment is reversed with directions to overrule the demurrer to the petition.