ANNIE ENNIS, *Appellee*, v. CHARLES M. NUSBAUM, as Administrator, etc., *Appellant*.

No. 18,309.

SYLLABUS BY THE COURT.

ACTION—*For Board and Washing—When Maintainable by the Wife*. Where one lives with a family consisting of a husband and wife under such circumstances as to incur an obligation to pay for his board, no express contract being made, a recovery thereon in the name of the wife can not be denied upon the ground that the right of action was in the husband, where the husband gives testimony in support of the wife's claim.

Appeal from Marion district court.   Opinion filed
July 5, 1913.  Affirmed.

*C. M. Clark*, of Peabody, for the appellant.

*Homer Hoch*, and *Roscoe King*, both of Marion, for
the appellee.

The opinion of the court was delivered by

MASON, J.:  Annie Ennis, a married woman, pre-
sented to the administrator of Obed Christ an ac-
count for board and washing furnished the intestate.
The probate court allowed the claim.   An appeal was
taken to the district court, where a jury trial resulted
in a judgment for Mrs. Ennis, from which the adminis-
trator appeals.

The plaintiff's husband, testifying in her behalf, said
that Christ had boarded for eight months at the Ennis
home, adding: "My wife furnished the meals and did
the cooking and washing for him during that time.
. . .   While Obed Christ was at our house no one
else except myself and wife stayed there.   . . .   My
wife and I were living together in my own house."  He
also testified that the board and washing were reason-
ably worth the amount asked.   The other evidence was
merely corroborative.   A reversal is sought on the
ground that inasmuch as the wife was not engaged in
business on her separate account, and there was no ex-
press agreement for payment to her, the legal liability
(if any) accrued in favor of the husband, and no one
else can maintain an action upon it.

It is said that "Generally  .  .  .   under the hus-
band's right to the services of his wife, when a boarder
is taken into the family, and the supplies are furnished
by the husband, in the absence of proof of any special
agreement, the money for board belongs to the hus-
band; and when husband and wife are living together
it is the presumption that the provisions are furnished
by the husband."  (21 Cyc. 1395.)  Cases bearing upon
the subject are often affected by local statutes and by

the rights of creditors. A decision that under the circumstances stated the husband can maintain an action does not necessarily imply that the wife can not. Each has presumptively a substantial interest in the claim, and the question in whose name it shall be prosecuted does not concern the defendant, provided he is not hampered in his defense, and is protected from a second judgment. (*Rullman v. Rullman,* 81 Kan. 521, 524, 106 Pac. 52.) In the present case, even if originally the husband had the sole right to maintain an action, his testimony in his wife's behalf could be regarded as effecting a virtual assignment to her. (*Rullman v. Rullman,* supra.) In *Stamp v. Franklin,* 144 N. Y. 607, 39 N. E. 634, a husband recovered a judgment upon a claim for board, which had been unsuccessfully prosecuted by his wife, although he had given testimony in support of her action. But the suit brought in the name of the wife failed because under the evidence the demand was held to belong to the husband. In the opinion it was said:

"There may be cases not coming within the strict rule of estoppel by judgment, where a person not a party will be bound. The husband was a witness for the wife in her action, and by his testimony sought to establish her claim to the ownership of the demand for board. If the wife had finally prevailed upon this contention and recovered judgment for the board bill, there would be strong reason for holding him estopped in equity from subsequently asserting an independent right to recover the same demand, in repudiation of his own act and conduct in a former suit. It would be not only an imposition upon the court, but a detriment to the defendant if he could be permitted subsequently to recover again the same demand which he had aided his wife to establish in the first action." (p. 611.)

In the New York case, if the defendant had established a meritorious defense in the action brought by the wife, the husband would clearly have been estopped from afterwards asserting the demand in his own name. (See, also, *Edwards v. Sourbeer,* 73 Kan. 224.

84 Pac. 1033; *Carver v. Wagner,* 51 N. Y. Supr. Ct., App. Div., 47, 64 N. Y. Supp. 747; *Folger v. Palmer,* 35 La. Ann. 743; *Nelson v. Claybrooke,* 72 Tenn. 687; *Hoyt v. Hoyt,* 68 Iowa, 703, 28 N. W. 27; *Lasher v. Colton,* 225 Ill. 234, 80 N. E. 122.)

The judgment is affirmed.