**McFARLAND, County Treasurer, et al. v.
CENTRAL NAT. BANK OF
TOPEKA, KAN.**

Circuit Court of Appeals, Eighth Circuit.
April 13, 1928.

No. 7839.

**1. Taxation** ⊚⟹543(5)—**County and officers,
sued by national bank for taxes paid on stock
thereof, cannot invoke statute requiring ac-
tion by real party in interest (12 USCA §
548).**

County and its treasurer and commissioners
cannot invoke protection of statute requiring ac-
tion by real party in interest, in action against
them by national bank to recover taxes imposed
on shares of bank stock, in violation of Rev.
St. § 5219, as amended (12 USCA § 548), as
recovery thereof from defendants will protect
them from any future suits or claims to fund by
any other party.

**2. Taxation** ⊚⟹543(5)—**National bank, suing
for taxes paid on stock thereof, held · real
party in interest (Rev. St. Kan. 1923, 79—
1101; 12 USCA § 548).**

Under Rev. St. Kan. 1923, 79—1101, na-
tional bank paying under protest taxes imposed
on shares of stock therein, in violation of Rev.
St. § 5219, as amended (12 USCA § 548), was
real · party in interest in action to recover
amount from county and its treasurer and com-
missioners.

**3. Taxation** ⊚⟹543(6)—**National bank's plead-
ings held sufficient on demurrer to show that
its payment of taxes on bank stock was not
voluntary (12 USCA § 548).**

In national bank's action to recover taxes
imposed on shares of bank stock in violation
of Rev. St. § 5219, as amended (12 USCA §
548), plaintiff's pleadings, stating facts relating
to its endeavors to have county commissioners,
State Public Service Commission, and other tax-
ing officers relieve bank and shareholders of
such taxes, and alleging that payments made
by it were "under duress and protest," to avoid
seizure of its property, *held*, sufficient on de-
murrer to show that payment was not volun-
tarily made.

**4. Courts** ⊚⟹405(16)—**Denial of motion for
new trial, not being part of bill of exceptions,
is not reviewable in Circuit Court of Appeals.**

Neither denial of motion for new trial nor
any proceedings thereto are reviewable in Cir-
cuit Court of Appeals, not being part of bill
of exceptions containing record of trial.

**5. Appeal and error** ⊚⟹931(3)—**General judg-
ment is conclusive finding of all necessary
facts, where bill of exceptions shows no re-
quests for findings or declarations of law,
nor exceptions to court's declarations (28
USCA § 879).**

Where bill of exceptions contains no record
of any request by defendants during trial for
findings of fact or declarations of law, nor any
exception to any declaration of law by court,
general judgment for plaintiff is conclusive find-
ing of all facts requisite to sustain it, under 28
USCA § 879, which statute applies to the Cir-
cuit Court of Appeals.

**6. Appeal and error** ⊚⟹237(3)—**Question
whether any substantial evidence sustains
judgment is not reviewable, in absence of re-
quest, motion, or other action fairly present-
ing question and securing ruling during trial.**

Question whether or not there was any sub-
stantial evidence to sustain judgment is not re-
viewable in federal courts, in absence of re-
quest, motion, or like action fairly presenting
question to trial court, and securing its ruling
thereon during trial.

**7. Appeal and error** ⊚⟹273(1)—**Exception
calling trial court's attention to specific er-
ror is indispensable to review of ruling.**

Exception to ruling, sharply calling trial
court's attention to specific error. alleged, is
indispensable to review of such ruling.

In Error to the District Court of the Unit-
ed States for the District of Kansas; John
C. Pollock, Judge.

Action by the Central National Bank of
Topeka, Kan., against Paul T. McFarland,
as County Treasurer of Shawnee County,
Kan., and others. Judgment for plaintiff
(20 F.[2d] 416), and defendants bring error.
Affirmed.

Eugene S. Quinton, of Topeka, Kan., for
plaintiffs in error.

Bennett R. Wheeler, S. M. Brewster, and
John L. Hunt, all of Topeka, Kan., for de-
fendant in error.

Before WALTER H. SANBORN and
BOOTH, Circuit Judges, and MUNGER, Dis-
trict Judge.

WALTER H. SANBORN, Circuit Judge.
This case involves the legality of the judg-
ment of the court below for the recovery
from the county of Shawnee, Kansas, its
treasurer, and board of county commission-
ers, the defendants, by the Central National
Bank of Topeka, Kan., of $12,477.26, illegal
taxes which, after it had given them notice of
their illegality, the reason for it, that it
should insist upon the return of the moneys,
and after protesting against their payment,
it paid in two installments to the treasurer
of the county to delay the collection of that
amount of illegal taxes imposed by the de-
fendants for the year 1925 upon the shares
of the plaintiff bank, in violation of section
5219 of the Revised Statutes as amended
(title 12, § 548, U. S. C. [12 USCA § 548]),
which provides that:

"The Legislature of each state may deter-
mine and direct, subject to the provisions of
this section, the manner and place of taxing
all the shares of national banking associa-
tions located within its limits, * * *
provided the following conditions are com-
plied with: * * * (b) In the case of a

tax on said shares the tax imposed shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state coming into competition with the business of national banks."

In the year 1925 there were substantial amounts of other moneyed capital in the hands of individuals used in competition with the normal moneyed capital and business of the bank taxable and taxed in Shawnee county. The taxes imposed by the defendants for the year 1925 upon the assessed valuation of the shares of stock of the plaintiff bank were at the rate of $3.23 per $100. The taxes imposed by the defendants upon the assessed valuation of other moneyed capital in the hands of individuals used in competition with the normal capital of the bank during the year 1925 which was taxable and taxed in Shawnee county, and there was a substantial amount thereof, were laid at the rate of 25 cents per $100.

The bank in its pleadings in this case alleged these facts. The difference between the amount of taxes that were imposed upon the valuation of these shares of the bank on the basis of $3.23 per $100 and the amount which should have been and would have been imposed upon them, if they had been taxed on the basis of 25 cents per $100, was the amount of the illegal taxes imposed on these shares (Sioux City Bridge Co. v. Dakota County, Neb., 260 U. S. 441, 445, 447, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979; Munn v. Des Moines Nat. Bank [C. C. A.] 18 F.[2d] 269, 270, and cases there cited); and that amount was $12,477.26. To induce the defendants to delay the seizure and sale of the property of the shareholders and the application of its proceeds to the payment of these illegal taxes, the bank paid in two installments to the treasurer of the defendant county the sum of $12,477.26, which the court below adjudged that the defendants should pay back to the bank.

Before proceeding to the trial of this case the bank repeatedly notified in writing the taxing officers of the state and county, the board of county commissioners of Shawnee county and the Public Service Commission of the state of Kansas, of the illegality of these taxes, of the reasons of their illegality, that they were violative of section 5219, Revised Statutes, as amended, and requested them to set these taxes aside; but they denied its requests and granted it no relief.

[1] The pleadings of the bank clearly alleged these facts which have been stated and others. The defendants demurred to these pleadings, the court below overruled their demurrer, and

their counsel contends that there was error in this ruling, because the bank was not the real party in interest in this action and its shareholders were.

But these defendants in this case are in no position to invoke the protection of the statute, which requires actions to be brought by the real party in interest, because the prosecution by the bank of this action and its recovery from the defendants of this $12,477.-26, which the bank paid to them, will protect them from any future suits or claims to that fund by any other party. The purpose of the statute is not to allow defendants to demand the adjudication of equities which exist wholly between the plaintiff and third persons, and that purpose is fully attained, so far as the defendants are concerned, if, in the action as brought, the defendants are not shut out from their proper defenses and counterclaims, and will be fully protected by the judgment, whether for or against the plaintiff, in the event of any other claim on the same cause. 30 Cyc. 83; Rullman v. Rullman, 81 Kan. 521, 524, 106 P. 52; Allen v. Home Circle, 112 Kan. 576; 580, 212 P. 95; Ennis v. Nusbaum, 90 Kan. 296, 298, 133 P. 537. The defendants cannot be heard to maintain this dog in the manger defense.

[2] Nor, if it were heard, could the defendants sustain it. Section 79—1101 of the Revised Statutes of Kansas provided that the president, cashier, or other managing officer of this bank should furnish the assessing officer during the month of March in each year a list of all its shareholders, and of the numbers of shares owned by each shareholder, and a statement under oath correctly showing the amounts of capital stock, surplus and undivided profits of the bank as of March 1st of each year, and that it "shall pay the tax assessed upon the shares of stock and shall have a lien thereon until the same is satisfied: Provided, that if for any reason the taxes levied upon the shares of stock shall not be paid by the institution, the property of the individual shareholders shall be held liable therefor." We have read and considered the opinion of the Supreme Court of Kansas in Bank v. Lyman, 59 Kan. 410, 53 P. 125, followed in Rockwell v. City of Junction City, 92 Kan. 517, 141 P. 299, Ann. Cas. 1916B, 315, cited and discussed by counsel for the defendants, to the effect that by these opinions that court has in effect substituted the word "may" for "shall" in the act of the Legislature quoted, where it declared that the banks "shall pay the tax assessed upon the shares of stock," but are not convinced that this change is controlling or material in the

decision of the question whether the bank is the real party in interest in this action.

To prevent the seizure and sale of the property of the shareholders in payment of these illegal taxes until after a judicial decision of the question of their legality could be procured, the bank paid this $12,477.26 to the defendants. The shareholders did not pay it; there is no evidence that they have ever reimbursed the bank for its payment. The defendants received this money and still have it. They have no legal or equitable right to it, or interest in it, and in law and equity they ought to pay it back to the bank, and we are of the opinion that the bank is the real party in interest in this action, and can maintain its action for it, and recover it from the defendants. Cummings v. National Bank, 101 U. S. 153, 156, 25 L. Ed. 903; Hannan v. First Nat. Bank (C. C. A.) 269 F. 527, 530; First Nat. Bank v. City of Hartford, 273 U. S. 548, 47 S. Ct. 462, 71 L. Ed. 767; Ranchmen's Trust Co. v. Duncan, 114 Kan. 308, 310, 219 P. 523.

[3] Other contentions of defendants' counsel in support of their demurrer are: (1) that the pleadings of the bank did not state facts sufficient to constitute a cause of action in favor of the bank. But the facts well pleaded by it were in our opinion ample to sustain its alleged cause of action. (2) That the facts pleaded by the bank were insufficient to prove that its payment of this $12,477.26 to the defendants was not voluntarily made. But the bank set forth the facts which have been recited relating to its endeavors to have the board of county commissioners, the Public Service Commission of the state, and other taxing officers relieve it and the shareholders of these illegal taxes, and alleged that the payments it made were "under duress and protest," to avoid the seizure of its property for the payment of these illegal taxes. There was no error in the action of the court below in overruling the demurrer of the defendants.

We have carefully read and considered the brief of counsel for the defendants, his discussion of many interesting questions therein, and the entire record of this trial, but have been unable to find any mistake of fact or error of law by the court below reviewable and reversible by this court. This is an action at law in the federal court, the parties made and filed a written waiver of a jury, and this case was tried by the court without a jury. The trial of the case closed and it was submitted for decision on Oct. 12, 1926.

[4, 5] There was a motion for a new trial, a statement of alleged errors among the pro-ceedings under this motion and a denial of the motion; but neither that denial nor any of those proceedings are reviewable by this court for they are not a part of the bill of exceptions which contains the record of the trial which alone we are at liberty to consider. The decision of a motion for a new trial is not reviewable in the federal appellate courts. The bill of exceptions contains no record of any request on the part of the defendants during the trial for any findings of fact or declaration of law, or any exception to any declaration of law made by the court. In this state of the record the general judgment for the plaintiff is a conclusive finding by the court of all the facts requisite to sustain it. South Sioux City v. Hanchett Bond Co. (C. C. A.) 19 F. (2d) 476, 477.

Section 1011, Revised Stat.; 28 USCA § 879), prohibits reversals for any error of fact. That prohibition applies to this court. Hall v. Houghton & Upp Merc. Co., 60 F. 350 (C. C. A. 8); U. S. F. & G. Co. v. Woodson County, 145 F. 144, 150 (C. C. A. 8); Mason City & Ft. D. R. Co. v. Boynton, 158 F. 599 (C. C. A. 8); Chicago G. W. Ry. Co. v. M., St. P. & S. Ste. M. Ry. Co., 176 F. 237, 242, 20 Ann. Cas. 1200 (C. C. A. 8). We discover no error in fact in the trial of this case, but, if there were some, this court is prohibited from reversing the judgment on account of them.

[6, 7] Nor does the record in this case present to this court any reviewable question of law. Take the question whether or not there was any substantial evidence to sustain the judgment, and other questions of law to which counsel refers in this case, and none of them are reviewable under the established rules of practice of the federal courts, stated by this court more than 10 years ago in Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63, and often since. We there said:

"The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial. * * * There is another reason why no reviewable question of law is presented to this court in this case. A trial court is entitled to a clear specification by exception of any ruling or rulings which a party challenges and desires to review, to the end that the trial court itself may correct them, if so advised, and, if it fails to do so, that there may be a clear

record of the rulings and the challenges thereof. For this purpose a rule has been firmly established that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling. * * * "

Later authorities are to the same effect: United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 F. 1, 3, 4; Denver Live Stock Com. Co. v. Lee (C. C. A.) 18 F.(2d) 11, 14, 15; Id. (C. C. A.) 20 F.(2d) 531; Southern Surety Co. v. United States (C. C. A.) 23 F. (2d) 55.

Judgment must be and it is affirmed.