No. 30,231.

JOHN DOBRAUC, *Appellee*, v. THE CONCORDIA FIRE INSURANCE COMPANY, *Appellant*.

(10 P. 2d 875.)

Opinion filed May 7, 1931.

*Ralph T. O'Neil, J. D. M. Hamilton* and *Barton E. Griffith,* all of Topeka, for the appellant.

*C. S. Denison,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The questions here involved are variance or departure of the proof from the pleadings and waiver as applied to both parties. The appeal is by the defendant fire insurance company from a judgment rendered against it upon the findings made by the trial court in an action upon one of its policies.

The errors assigned are concerning the refusal of the court to

strike out certain testimony tending to show an agreement to pay the loss because such agreement had not been specifically pleaded; the overruling of defendant's demurrer to plaintiff's evidence; the making of findings and rendering judgment not supported by the evidence and overruling the motion for a new trial.

The action was commenced in the city court of the city of Pittsburg by the filing of a bill of particulars with the usual allegations as to the issuançe of the policy, the loss sustained and due notice and proof of loss. It also alleged knowledge acquired by the agents of the defendant of the transfer of title to the plaintiff and consent by them to the assignment and delivery of the policy of insurance to the plaintiff, and that upon demand for payment defendant by its agent refused because it had never given its consent to said transfer or assignment. On appeal from the judgment in the city court to the district court of Crawford county, an answer was filed by defendant denying specially the giving of consent to the assignment of the policy to the plaintiff and asserting that by reason of the provisions of the policy in that regard it thereby became null and void, and no obligation existed thereunder.

On the trial the plaintiff was permitted to testify, without objection as far as the record before this court shows, as to a promise or agreement made by Mr. Baker, an adjuster of the defendant company, to pay and settle this loss when it could confer with the three other companies similarly concerned. This conversation is said to have occurred about six weeks after the loss when Baker called plaintiff to the office of the company's agents in Pittsburg. The son of the plaintiff and others testify as to this extended interview, but not as to the agreement to pay. At the close of the testimony of plaintiff the defendant moved to strike out of the plaintiff's testimony all of that concerning an agreement to pay the loss, because of its being a departure from the pleadings and cause of action. The court overruled this motion and appellant assigns error.

It must be borne in mind that the original pleading in this case was a bill of particulars. This is the only pleading in the case on the part of the plaintiff. Our statute on variance (R. S. 60-753) is exceedingly liberal in its terms, providing that no variance between the allegations and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice. Appellant regards the agreement of the defendant to pay, as mentioned in plaintiff's testimony, as a new and different cause of action. Most of the

testimony of the plaintiff seemed to be directed to what might properly be called waivers. This agreement related by him is in effect a waiver of the provision requiring the consent of the company to the assignment of the policy to plaintiff inasmuch as the evidence apparently shows the agents, the company and the adjuster all knew of the failure to obtain the written consent to the assignment before the agreement to pay was made by the adjuster. And on the other hand, there was a written nonwaiver agreement presented to the plaintiff by defendant during his cross-examination on which he recognized his own signature, but had no recollection of seeing it before. This was introduced as a part of his testimony. All these matters were apparently regarded as being in issue and were therefore fully developed during the trial—one feature of it tending to show a waiver and the other tending to show consent to a nonwaiver. (*Edwards v. Sourbeer,* 73 Kan. 224, 84 Pac. 1033.) No prejudice has been shown or is apparent, and we think the variance was not material.

"While waiver should have been specifically pleaded instead of alleging, as the petition did, that the policy was in full force at the death of the insured, still as no motion was made for more specific allegations, no showing of injury or application for further time, and the cause was fully tried, no materially prejudicial error was committed by permitting the plaintiff to introduce testimony to show waiver." (*Forney v. Insurance Co.,* 87 Kan. 397, syl. ¶ 2, 124 Pac. 406.)

"A variance between the pleadings and the proof respecting waiver of the compromise agreement held not to be prejudicial." (*Palin v. Insurance Co.,* 92 Kan. 401, syl. ¶ 4, 140 Pac. 886. See, also, *Allen v. Gheer,* 98 Kan. 228, 158 Pac. 17; *Crandon v. Insurance Co.,* 99 Kan. 785, 163 Pac. 458; and *Ludlum v. Insurance Co.,* 113 Kan. 333, 214 Pac. 619.)

Appellant insists that its demurrer to the evidence of plaintiff should have been sustained and the overruling of it was error because there was no consent to the assignment of the policy and there was no waiver of that provision of the policy. The substance of the pertinent findings of fact is as follows:

5. That the agents of the defendant at Pittsburg had knowledge of conveyance to plaintiff and by telephone furnished the number of the insurance policy to be used in connection with the transfer.

11. That no nonwaiver agreement was signed by plaintiff at the agents' office.

14. That at the office of Ray B. Allen the plaintiff did not knowingly sign the nonwaiver agreement introduced in evidence by de-

fendant, but in obtaining plaintiff's signature thereto the defendant's adjuster, for the purpose of concealing the same, intentionally caused or permitted said nonwaiver agreement to have been intermingled with and partly covered up by the various sheets of typewritten matter written by Ray B. Allen, and thereupon plaintiff, at the request of said adjuster, unconsciously and unintentionally signed said nonwaiver agreement believing he was signing the matter reduced to typewriting by Ray B. Allen.

16. That the nonwaiver agreement was not signed at the office of stenographer Allen until after the discussion between plaintiff and his son and the adjuster, Mr. Baker.

18. That at the conclusion of the conferences and discussion which took place at the offices of Coulter & Ralston and Ray B. Allen, respectively, between defendant's adjuster, Baker, and plaintiff and the latter's son, the said Baker admitted defendant's liability for its *pro rata* share of plaintiff's loss and promised plaintiff that the defendant would get in touch with the other insurance carriers and would arrange to pay to plaintiff its said share of said loss.

19. That at the time the defendant, through its adjuster, Baker, promised to arrange to pay to plaintiff its share of said loss, the said Baker had full knowledge of all the facts incident to the fire loss sued upon, the amount of insurance carried, and that the defendant had not, in writing, consented to the assignment to plaintiff of the insurance policy sued on herein.

20. That at the time defendant caused its adjuster, Mr. Baker, to confer with plaintiff concerning the fire loss, both defendant and Baker knew the facts as to whether the company had consented to the assignment and with such knowledge conferred with plaintiff relative to adjusting the loss.

Appellant emphasizes the fact that there was no actual written consent shown in the evidence and consistently argues, by ignoring the evidence of waiver which it moved to strike out, that the demurrer to the evidence should have been sustained. But with the waiver evidence of the plaintiff still in the case there was sufficient to show a waiver of the lack of formal consent to the assignment of the policy. While evidence as to the agreement to pay was given only by the plaintiff, yet evidence as to knowledge of the transfer and assignment and the lack of written consent was given by two or more other witnesses.

Appellant argues that the judgment was based by the trial court upon findings 18 and 19, or a different cause of action than that stated in the bill of particulars. We are unable to follow this reasoning to the same conclusion. The judgment is usually based upon all the findings and the court's third conclusion of law would so indicate:

"3. That the defendant waived its right to assert a forfeiture of the policy of insurance sued on herein by the plaintiff, on the grounds asserted and alleged by said defendant in its answer."

It is urged that there is no evidence to sustain the finding that the nonwaiver agreement was not signed in the office of the agent. The evidence of Mr. Coulter, one of the agents of the company, was quite strong as to no such paper having been signed in his office, and the testimony of the plaintiff and his son indicate only one time and place of signing papers that day, which was in Mr. Allen's office.

Criticism is made of finding 14, that plaintiff signed the non-waiver agreement unconsciously and unintentionally by the act and procurement of the adjuster. If the evidence of the plaintiff and his son is to be credited, such finding is fully supported. If one preparing several papers to be signed by another party tells him they are all concerning one matter, and the party signs all of them in a pile on the lines indicated, and later one of the papers signed by him relates to another and different matter not mentioned or considered, such evidence, if believed, would support such a finding.

The case of *Crandon v. Insurance Co.*, supra, is cited showing the risk in resting waivers of substantial provisions of insurance policies upon "shadowy contentions." The shadowy feature of such contentions is usually observed in the peculiar surrounding, as in the case cited, but where there is a direct conflict in the testimony concerning ordinary business transactions so that either statement might be reasonable, as they were in this case, the above appellation would not be appropriate.

We think the several findings of the trial court were supported by some evidence and there was no error in overruling the motion for a new trial.

The judgment is affirmed.