No. 22,249.

H. F. WILLIAMS, *Appellee*, v. HENRY D. JONES, *Appellant*.

SYLLABUS BY THE COURT.

1. ACTION FOR SERVICES—*Evidence—Findings.* The evidence is held to support findings of an agreement to pay for services to be rendered.

2. SAME—*Payment by Check—Evidence.* The evidence is held not to compel the conclusion that a check was accepted in full satisfaction of all claims.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed July 5, 1919. Affirmed.

*L. C. Uhl,* and *L. C. Uhl, jr.,* both of Smith Center, for the appellant.

*F. W. Mahin,* of Smith Center, and *W. E. Mahin,* of Osborne, for the appellee.

The opinion of the court was delivered by

MASON, J.: H. F. Williams sued Henry D. Jones on an account, chiefly for labor, claiming a balance due him of $131.72. Jones filed an answer setting up an account on his part on which he claimed a balance of $239.95 to be due to him. On the trial judgment was rendered for the plaintiff for $99.80, from which this appeal is taken.

1. The defendant's whole contention is that two answers returned by the jury to special questions were without support in the evidence, and that the court erred in refusing to set them aside and render judgment in his favor. A part of the plaintiff's claim was for services rendered for the defendant, during his absence from the state, in cutting weeds in his corn and caring for his stock. The findings of the jury referred to were to the effect that the defendant, prior to his leaving, had agreed to pay the plaintiff for these services. The defendant urges strongly that there was no evidence whatever to that effect. He relies particularly upon this question and answer, occurring in the examination of the plaintiff respecting this matter:

"Was there any agreement between you and Mr. Jones as to what you was to charge or not? No; nothing said about that at all."

Obviously, this relates only to what the amount of the charge was to be, and not to whether a charge was to be made. The plaintiff testified that by agreement he was to put up some alfalfa on the defendant's farm during his absence, the hay and seed to be divided equally between them; that he was also to look after the defendant's chores while he was gone; and that the defendant told him if he got through with the alfalfa he could cut the weeds in the corn. The parties differed materially in their version of the transaction. Under the evidence, the jury might have decided that the agreement was that the share of the alfalfa which the plaintiff was to receive was to compensate him, not only for putting up that crop, but also for cutting the weeds and caring for the stock. On the other hand, while the plaintiff himself did not testify to any explicit statement that he was to receive additional compensation for the particular services referred to, there was room for a fair inference that such was the understanding of the parties. Their actual intention was a matter to be determined by the jury from all that took place between them, and the accompanying circumstances. The findings in question were not that the defendant had said in so many words that he would pay for the plaintiff's services, but that in the situation the jury found to exist an agreement to that effect was reasonably to be implied. A mere request or direction to the defendant to do the work would be enough to warrant an infer-

ence that it was to be paid for, in the absence of evidence that it was to be gratuitous, or that the plaintiff was to be compensated in some other manner. (13 C. J. 241-243, 787; 6 R. C. L. 587, 588.)

2. Other items than those referred to were involved. Prior to the commencement of the action the defendant left with his bank a check for $128.65, payable to the plaintiff, accompanied by a statement of account showing that the payment was intended to be in full. The plaintiff received and cashed the check, and the defendant now claims that this amounted to a settlement. It does not conclusively appear from the evidence that the tender of the check was made on the condition that it should be accepted, if at all, in satisfaction of all claims. Moreover, a defense of settlement was not pleaded, nor was it submitted, or asked by the defendant to be submitted, to the jury.

The judgment is affirmed.