. No. 34,099

Charles Fox, *Appellant*, v. David G. Page, as Executor of the Estate of Kate Maxwell King, Deceased, *Appellee*.

(87 P. 2d 533)

Opinion filed March 4, 1939.

*Hal C. Davis,* of Topeka, for the appellant.

*John L. Hunt, Lester M. Goodell, Margaret McGurnaghan, John H. Hunt* and *George M. Brewster,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This proceeding was begun in probate court, where the appellant, Charles Fox, filed a claim in the estate of Kate Maxwell King, deceased, as follows:

"Said estate to David G. Page, executor.

"Nov. 15, 1932. Employed by the late Mrs. King to perform work and labor in and around her house at 1017 North Quincy, to do housework and take care of her and to do many other tasks necessary in and around the house. I was over to her house and worked practically every day from November 15, 1932, up and until the 26th day of August, 1936. The reasonable value of my work and services performed for said Mrs. King is $45 a month, $2,070. Total amount paid to me at different times by Mrs. King, in my best judgment, $920. Balance due, $1,150."

Upon the hearing in probate court the claim was allowed in part. From this ruling the executor of the estate appealed to the district court, where there was a trial *de novo.* At the close of the evidence on behalf of the claimant the executor demurred thereto, which demurrer was sustained. Claimant filed a motion for a new trial, and in support of it offered two affidavits embodying testimony which, as he conceived it, the court erroneously refused to receive in evidence. This motion was overruled. · The appeal is from this ruling and from the order sustaining the demurrer to the evidence.

The background of the relationship of the parties, as shown by the opening statements, may be mentioned, although not controlling

on the legal questions argued. Kate Maxwell King and her two brothers came from England to Topeka many years ago and settled in North Topeka. Her brothers worked and she kept house for them. She became interested in the hardships of poor people and began helping them. Her brothers encouraged her in these efforts and assisted her, with the result that for more than thirty years she put in most of her time and her energy aiding people in financial distress, and in social welfare work. After the death of her brothers she continued this work. A few persons whom she thought worthy and in need, but who were sensitive about taking outright gifts of charity, she had come to her home and do some small task about the place, and then she would pay them a sum usually in substantial excess of their actual earnings. The claimant was one of the persons she had do that kind of work. He had a wife and five children.

The evidence disclosed that at times the claimant mowed her lawn, or did some work in the back yard. Sometimes she would have him sweep her porches, or do some work in the house at cleaning times. He sometimes went on errands for her to the store, or elsewhere. Over the years, from 1932 to 1936, when he was doing some of those tasks for her she also had others doing the same thing at different times. There was also a woman who came to the house to do some work for her. There is no evidence that she did not pay these people promptly and amply. The claimant was injured in an automobile accident in 1936 and thereafter did not work for Miss King. Her death occurred more than a year later. There is no evidence that at any time from the time claimant did the first work for Miss King in 1932 up until the time of her death in 1937 that he ever made any contention to her that she owed him anything. Taking into consideration all the work the evidence on behalf of claimant shows he did for Miss King, the about $920 which in his claim he acknowledged as having received from her, was not only ample payment, but was several times what his compensation would have amounted to computed on any reasonable basis by the hour. There was no evidence that the claimant was employed by Miss King on any basis, much less was there any evidence that he was employed by the month. One witness testified in substance that soon after claimant left the house one day Miss King stated that a dollar and a quarter a day was a big price to pay for the help she was getting. The most this would indicate was that Miss King was paying the claimant a dollar and a quarter a day, which was in fact big pay for

the work he did. Certainly nothing in this testimony would indicate any balance due the claimant.

Counsel for appellant was uncertain whether he should recover upon a contract of employment or upon *quantum meruit*. As stated, his evidence disclosed no contract of employment, and so far as it related to *quantum meruit* the record tended to show that he was greatly overpaid rather than underpaid. So, upon the evidence, the court was justified in sustaining the demurrer.

Appellant argues that upon objections by counsel for appellee the court refused to permit claimant to testify to some of his transactions with Miss King. (See G. S. 1935, 60-2804, and annotations.) Ordinarily a ruling on a demurrer to evidence is a ruling on the questions of law, and a motion for a new trial is not necessary. However, when the party desires to get into the record evidence which the court refused to admit, a motion for a new trial may be filed, even where a demurrer to the evidence has been sustained, and the excluded evidence brought into the record by affidavit of the witnesses. This appellant did. Appellant's affidavit in support of the motion for a new trial does not disclose that if the new trial had been granted he would have been a competent witness to testify to anything more than he did testify to on the trial. The other affidavit was of a witness who testified at the trial to seeing claimant about Miss King's premises on various occasions and doing some work there. There is nothing in either of these affidavits that would have required or justified the granting of a new trial.

We find no error in the record. The judgment of the court below is affirmed.