No. 36,888

In the Matter of the Estate of Albert F. House, Deceased. (WILLIS K. DILLENBERGER, Administrator, *Appellant*, v. FAYE STARK-WEATHER, *Appellee*.)

(192 P. 2d 179)

Opinion filed April 10, 1948.

*Willis K. Dillenberger*, of Oswego, argued the cause and was on the briefs *pro se*.

*C. E. Rumery*, of Baxter Springs, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the administrator of a decedent's estate from a judgment allowing a claim for the care and nursing of the decedent during his last illness.

The claim included other items which were disallowed. No cross-appeal was taken from the order disallowing a portion of the claim. We, therefore, have before us only the allowed claim.

Appellant's principal contention is appellee proved no express contract for recovery and the evidence established no implied agreement to pay for the services. Appellee admits there was no express contract but contends decedent's obligation to pay therefor is implied from the facts and circumstances of the case.

Appellant also argues the parties occupied a family relationship and that under such circumstances an implied obligation to pay for the services does not exist, citing *Ayres v. Hull,* 5 Kan. 419; *Johnson v. Lander,* 140 Kan. 329, 36 P. 2d 1006; *Fox v. Page,* 149 Kan. 381, 87 P. 2d 533; *Moss v. Branson,* 151 Kan. 386, 99 P. 2d 744. The Ayres and Moss cases involved respectively claims of a sister and of two daughters under circumstances clearly disclosing a family relationship. The Fox case turned on the point the claim, if valid, had been fully paid. The Johnson case turned on proof of an express oral agreement to perform services and whether the services were fully paid.

The claimant in the instant case was not a member of decedent's family and was not related to him in any way. If there existed any facts or circumstances which might be construed to constitute a family relationship the record in nowise discloses them. It is unnecessary to narrate all the facts concerning their previous relations in the restaurant business or facts involving title to portions of the restaurant equipment and fixtures. A part of such equipment was removed to the residence of the decedent after his illness made it impossible to continue that business. The question of title to a portion of that property is determined in another case between the same parties this day decided, *In re Estate of House,* No. 36,889, 164 Kan. 613, 192 P. 2d 177.

It is conceded the parties had an oral contract pertaining to an entirely different subject. That contract involved only the right of claimant and her daughter to live in the home of the decedent. By it the parties agreed claimant would provide the meals for the decedent in lieu of her payment of rent. Such contract in nowise pertained to the subject of care and nursing of decedent during his illness.

The burden was, of course, on appellee to prove her claim. The decedent received the benefits of the services and they were performed with his approval. In 34 C. J. S., Executors and Administrators, § 452, the established rule is well stated:

"Ordinarily the fact that services were rendered decedent at his request or with his approval raises a presumption that they were to be paid for, unless the conduct, relationship, or situation of the parties is of such a nature as to rebut the presumption." (p. 277.)

See, also, *Ennis v. Nusbaum, Adm'r.,* 90 Kan. 296, 133 Pac. 537.

There is nothing in the record to rebut the presumption appellee

was to be paid for her services. That the appellee cared for and nursed decedent over a period of thirty-nine weeks was clearly established. That such services were well performed and were reasonably worth at least $10 per week was equally well known. The district court allowed the claim to the extent of $390.

Appellant next urges that at the time of decedent's death appellee did not believe she had a claim against decedent's estate. As previously indicated it was not necessary appellee should have an express contract in order to have a valid claim. Furthermore, her opinion, if she actually had one, respecting the legality of a claim did not determine that issue.

Appellant also contends the evidence shows appellee did not intend to file a claim. The contention is too broad. We think the trial court, in view of all the evidence, was justified in concluding appellee did not intend to file a claim in the event decedent's heirs were willing to make a proper settlement voluntarily.

It is finally argued the judgment should be reversed by reason of conduct of the trial court in refusing to permit a question to be asked in a particular form on cross-examination of appellee before her counsel had objected to the form of the question. We are also advised by counsel for appellee that he was in the act of indicating his intention to object before the trial court spoke. That statement by counsel for appellee is not denied by counsel for appellant. The question was not in proper form. Moreover, an examination of the record discloses no subsequent effort to elicit the desired information by means of a question, or questions, not properly subject to objection. In view of the record we will not reverse the judgment on the ground asserted.

The judgment must be affirmed. It is so ordered.