No. 36,889

WILLIS K. DILLENBERGER, as Administrator of the Estate of Albert F. HOUSE, Deceased, *Appellant*, v. FAYE STARKWEATHER, *Appellee*.

(192 P. 2d 177)

Opinion filed April 10, 1948.

*Willis K. Dillenberger*, of Oswego, argued the cause, and was on the brief *pro se*.

*C. E. Rumery*, of Baxter Springs, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

HOCH, J.: The plaintiff, administrator of a decedent's estate, brought an action in replevin to secure possession of a refrigerator. The defendant prevailed upon a finding that the refrigerator belonged to her. The administrator appeals.

Appellant's first assignment of error is that the court found for the defendant "when the weight of the evidence was against such finding." This requires no discussion. It is elementary that we do not weigh conflicting evidence. Findings of fact supported by substantial, competent evidence are not disturbed upon appeal.

The next contention is that the defendant failed to prove "either a gift *inter vivos* or a gift *causa mortis*." The burden was on the plaintiff to prove ownership. There was abundant evidence that the decedent and the defendant had been partners in a restaurant business and that the refrigerator was purchased out of proceeds from the business. Numerous witnesses testified that they had heard the decedent say that he had given his share in the refrigerator to the defendant. The only evidence to the contrary was that offered by the plaintiff to the effect that he had a conversation with the defendant concerning the refrigerator and that she told him that it belonged to Mr. House (the decedent) but that she

thought she was entitled to it. This testimony was specifically denied by the defendant. This was for the trier of the facts.

Lastly, it is contended by appellant that the court erred "in disregarding the testimony of appellant and appellee." The record does not support the accuracy of this statement. What the trial court said, according to the record before us, is that it "disregarded all conversations that were testified to with the deceased person." Even as to that the trial court evidently referred only to the testimony of the defendant *as to conversations with the decedent,* since the statute (G. S. 1935, 60-2804) provides only that "no person shall be allowed to testify *in his own behalf* in respect to any transaction or communication had personally by such party with a deceased person, . . ." (Italics supplied.) The statute would not be applicable to the witnesses heretofore referred to who were not testifying in their own behalf. In any event, the court was not obliged to believe the testimony of any witness.

Even if we were to disregard the testimony that the decedent had made a gift to the defendant of his share in the refrigerator, there was evidence that the refrigerator was purchased from partnership proceeds, and if so, judgment for the defendant was proper, since she would be as much entitled to possession as would the plaintiff.

Other assignments of error are either abandoned or are in substance the same as those already treated.

The judgment is affirmed.