No. 38,268

In re Estate of Laura C. Woodford, Deceased. (Carl Hayes, *Appellant*, v. The American National Bank of Hutchinson, Administrator of the Estate of Laura C. Woodford, Deceased, *Appellee*.)

(232 P. 2d 456)

Opinion filed June 9, 1951.

*Claude E. Chalfant*, of Hutchinson, argued the cause, and *Harold R. Branine* and *Fred C. Littooy*, both of Hutchinson, were with him on the briefs for the appellant.

*William H. Burnett*, of Hutchinson, and *J. P. Patterson*, of Wichita, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The plaintiff appeals from a judgment denying a claim against decedent's estate for merchandise furnished and services rendered to the decedent during her lifetime.

The trial court made findings of fact and conclusions of law which were:

"FIRST. That the Claimant, Carl W. Hayes, became acquainted with the deceased, Laura C. Woodford, in 1932, and became a tenant in her building in 1934 and that on many occasions from that date until the death of Mrs.

Woodford the Claimant saw the deceased and ran many errands for her and looked after many things for the deceased and furnished her with medicines and other things from his drug store from time to time, all at her request, and that she seldom, if ever, paid him for any of these articles furnished or for any errands that he did for her, and that this extended over a period of at least thirteen years.

"SECOND. That during this time the deceased made various and sundry statements to different parties in which she stated that she would see that the Claimant was well paid for his services, and made statements such as, 'he wouldn't be sorry, that he would be paid for all that he had done,' 'that she intended to leave him $50,000.00 when she died for what he was doing for her,' 'That she would make arrangements to pay Carl for all that he had done for her,' and 'that she intended to leave one-half of her property to him.'

"THIRD. That the deceased was stricken suddenly with a coronary occlusion and never was fully in control of her mental faculties after that seizure until her death a few days later.

"FOURTH. That there was no promise or contract to will property in writing ever executed by the deceased in favor of the Claimant, or any agreement whereby any specific amount or any terms were ever agreed upon, or any promise by the deceased to leave any specific property or amount of money to the Claimant by will or to give him any specific amount of money or piece of property as a gift.

"FIFTH. That the Claimant did not keep track of any specific amounts of merchandise furnished or of hours spent in service for the deceased by the Claimant, but that the Claimant did spend a great deal of time performing services at the request of the deceased, and that he used his automobile a great deal in running errands for the deceased at her request and in driving her places both inside and outside the State of Kansas and around the City of Hutchinson, and did at her request furnish her with a considerable amount of medicines and other items and articles from his drug store.

"SIXTH. That the items furnished from his drug store to the deceased were not put down on a regular charge account and a book account kept thereof, nor was any exact evidence produced showing the services actually performed, or when or where or how much, although such articles were furnished and said services were performed with more or less regularity over this period of time.

"SEVENTH. That the Claimant made no claim or demand against the deceased during her lifetime, nor did he render any statement to the deceased, and in fact testified that he did not expect to be paid literally in dollars and cents, but did expect to be compensated from her estate. That no evidence was introduced to show that the deceased ever stated or showed any intention to pay this Claimant for merchandise delivered or for services rendered in any detail or with any precision as to the value of the articles furnished or services rendered.

"CONCLUSIONS OF LAW.

-    .   .       .    .    .    .    .    .    .    .

"FIRST. That while the Claimant furnished merchandise at the request of the deceased and rendered services for her at her request over the period specified in his claim, that there was no contract between the Claimant and the deceased for the payment for these articles furnished and services rendered,

and that there were not sufficient facts shown by the evidence in this case to imply any contract on the part of the deceased to pay for the same or to constitute a claim against her estate.

"SECOND. That this Court cannot determine from the evidence with any exactness or by virtue of any proof offered herein, any certain amount which might be due to the Claimant from the estate of the deceased which might be the basis for any single item or items of specific claim against the estate.

"THIRD. That this claim should be disallowed and appropriate journal entry drawn to that effect in conformity with these findings and conclusions."

Appellant contended at the trial and asserts here the conclusions of law are not supported by the evidence and the findings of fact. The claim was based on the theory of *quantum meruit*. Appellant was not a member of decedent's family. Appellant's contention is that under such circumstances, and in the absence of evidence the services were to be gratuitous, the law implies an agreement to pay the reasonable worth of merchandise furnished to and services rendered for another at the latter's instance and request, citing *Griffith v. Robertson,* 73 Kan. 666, 671, 85 Pac. 748; *Williams v. Jones,* 105 Kan. 282, 182 Pac. 391; *Nelson v. Peterson,* 147 Kan. 507, 508, 78 P. 2d 20; *In re Estate of House,* 164 Kan. 610, 192 P. 2d 179; *Lloyd v. Kleefisch,* 48 C. A. 2d 408, 120 P. 2d 97; *In re Estate of T. A. Stoll,* 188 Or. 682, 217 P. 2d 595, and other decisions and similar statements from textbooks to the same general effect.

Appellant emphasizes the evidence of various witnesses who testified in harmony with the first and second findings of fact and also his own testimony that although he did not expect to be paid literally in dollars and cents he did expect to be compensated out of decedent's estate.

Appellant especially emphasizes the rule that in the absence of circumstances indicating otherwise it will be inferred that a person who requests another to perform services for him thereby bargains to pay for the services rendered. (58 Am. Jur., Work and Labor, §§ 3, 4.)

Although there is no serious disagreement between counsel for the respective parties concerning these generally well established principles appellee, on the other hand, insists there are circumstances in the instant case indicating appellant did not expect to be paid, as disclosed by the fact that he kept no records whatever of the merchandise furnished or of the services rendered, and that his own testimony disclosed he kept such records when he expected to be paid for merchandise furnished to another. Appellee also argues, if anything was owing to appellant, there was evidence he was well

paid out of decedent's estate by reason of another claim he presented which was allowed by the probate court.

In view of the apparent basis of the trial court's decision and the conclusion we have reached with respect to the disposition of this appeal we shall not unduly labor the particular circumstance on which appellee relies as indicating, or tending to indicate, appellant had been fully compensated out of decedent's estate, if the claim was valid. In 1934 the decedent rented one room of a corner business building in the city of Hutchinson to appellant and his partner in which the partnership operated a drug store. There were tenants in other portions of the building. That partnership was dissolved in 1938 and in 1939 appellant entered into a lease contract with the decedent whereby he obtained possession of the entire building with the right to sublease portions thereof to other tenants. For present purposes the various terms of this lease contract need not be recited. The lease did in effect provide, in part, that if appellant performed all of its terms the appellant should at the death of the lessor receive title to the entire property free and clear of all claims of the estate against it for future rents and free from all other claims whatsoever. The lease contract also provided the lessor would embody the last mentioned provisions pertaining to appellant's title to the property in her will and that the will and lease contract should be construed together. The decedent never executed a will but in November, 1944, she executed the following instrument, to wit:

"To Whom It May Concern:

"but more especially to the Administrator or Executor of my Estate.

"Whereas on or about September 1, 1939, a Lease Contract was made and entered into by and between Laura C. Woodford, lessor, and Carl Hayes, lessee, said Lease Contract referring to the following described real estate located in Reno County, Kansas, to wit:

"Lot 1, Block 1, Lee's First Addition to the City of Hutchinson (Otherwise known as #502 and 504 East Fourth Street and extending from Fourth Street back to the alley)

"If at the time of my death the lessee, Carl Hayes, has complied with all of the provisions of the Lease Contract executed and referring to the above described real estate, then it is my desire that said described real estate be conveyed by the Executor or Administrator of my estate according to the terms of the Lease Contract without requiring further payment from the lessee.

"Dated at Hutchinson, Kansas, this 21, day of November, 1944.

"Laura C. Woodford

"Witnesses to Signature

"R. L. Guldner

"Wm. M. Ruddick"

Appellant presented the foregoing exhibit as his claim of title to the building in the probate court and it was allowed. He accordingly received a deed to the premises. Appellee stresses the income appellant received as rentals from other tenants in the building and argues that these rentals were in excess of the costs of maintenance, repairs, insurance, taxes, etc., which appellant was required to pay under the terms of the lease and that during such time he was required to pay the lessor only $200.00 per month as rental for the entire building. Appellee also argues the building was worth from $30,000 to $50,000 and that this fact discloses appellant was well cared for by decedent out of her estate for all services rendered decedent during her lifetime, if it was intended he should be paid therefor.

The 1939 lease contract itself makes no reference to merchandise delivered or services rendered by appellant during the five previous years or to be furnished or rendered in the future. Appellee, however, contends the value of this property and decedent's written statement directing the title thereto be transferred to appellant at her death were proper considerations in determining whether decedent intended thereby to meet any obligations she might have had to the appellant.

On the other hand appellant points out there was evidence that after executing this written instrument the decedent made statements to various people that she would need to make other provisions to compensate appellant for his services and kindnesses. Whether she meant that it would be necessary to make the will and devise the real estate to the appellant, as she had agreed to do in the lease contract, or whether she meant it would be necessary to make some additional provision to compensate appellant does not appear to have been determined by the trial court.

Nothing is specifically contained in the findings of fact to indicate the trial court considered this written instrument or the deed to the property in reaching its conclusion. We, therefore, have no basis on appeal for reviewing the question whether the allowance of that claim constituted a proper consideration in determining the allowance of the instant claim. Appellee states the trial court took the position in denying the claim that it was unnecessary to consider the written instrument or deed in view of the fact that the proof of the claim was otherwise too indefinite and uncertain. The findings appear to support this contention. Appellant likewise states the trial court did not consider the written instrument or deed in reaching its conclusion.

We shall turn our attention to the question whether the claim was established by sufficiently clear and definite proof. Appellant contends it was and appellee asserts the contrary. The claim covered a period of thirteen years, from 1934 to 1947. The findings are that merchandise was furnished to and services were rendered for the decedent over that period. It is conceded no record was kept concerning either of these claimed items. No separation was made of merchandise furnished to the decedent out of the drug store while it constituted a partnership and the amount furnished after its dissolution in 1938.

It is true no value was placed by appellant on any of the separate items of merchandise furnished or on any particular services rendered. He did, however, testify he expected to be compensated, he had not been paid and that the fair and reasonable value of his total services over the thirteen year period was $15,800. That would average $100.00 per month. We find no cross-examination in the record before us testing the basis or reasonableness of the claim. Limiting our decision to the facts found by the trial court concerning the performance by appellant and the testimony of witnesses with respect to decedent's statements that she would see that appellant was well paid and appellant's statement that he had not been paid, we think appellant established a *prima facie* case entitling him to a judgment.

Appellant asks this court to remand the action with directions to grant a new trial limited solely to the question of the reasonable value of the merchandise furnished and services rendered. In the light of the entire record and what has previously been said herein concerning certain aspects of the case, apparently not ruled on or considered by the trial court, concerning which we presently express no views, we think the new trial should not be limited as requested.

The judgment is reversed and the action remanded with directions to grant a new trial generally.