No. 45,399

C. W. Brakensiek, *Appellant,* v. Frank A. Shaffer, Mrs. Frank A. Shaffer and Shaffer Printing Company, Inc., a Corporation, *Appellees.*

(457 P. 2d 511)

Opinion filed July 17, 1969.

*Otto J. Koerner,* of Wichita, argued the cause, and *G. E. Carnahan,* of Wichita, was with him on the briefs for the appellant.

*Richard L. Honeyman,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson, H. W. Fanning, Richard C. Hite, Darrell D. Kellogg, Roger Sherwood,* and *Larry A. Withers,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Kaul, J.: In this action plaintiff-appellant seeks to recover upon an oral agreement a reasonable commission and/or value of his services in procuring a purchaser for the printing business of defendants-appellees.

A trial to the court concluded in a judgment for defendants and plaintiff brings this appeal.

The controlling question on appeal is whether the trial court, after finding the parties agreed that if plaintiff found a qualified purchaser some compensation might be paid, erred in not allowing compensation on a quantum meruit basis for plaintiff's services.

The evidence discloses that plaintiff and Frank A. Shaffer, during a luncheon conversation, discussed the sale of defendants' business, the possibility of plaintiff finding a purchaser, and the payment of some kind of compensation.

The fact of the conversation, the procurance of a buyer by plaintiff's efforts, and the agreement that plaintiff would be paid "something" are admitted. The dispute concerns the amount of compensation. Plaintiff claims defendants agreed to compensate him with a "substantial check." Shaffer contends he only agreed to give plaintiff a "case of whiskey" if a buyer were found.

At the conclusion of the trial, the court orally announced its findings and conclusions from the bench. Plaintiff complains the trial court failed to comply with K. S. A. 60-252 and Rule No. 116 of this court (201 Kan. xxxi) in not clearly defining its findings of fact, conclusions of law and reasons therefor. We must agree with plaintiff that the ruling announced is not in the best or most understandable form. However, no effort was made by plaintiff to secure a clarification.

Since disposition of this appeal depends upon a determination whether the trial court properly applied the law to the facts as found, the trial court's ruling is recited in full:

"The Court: The parties in this case have had a misunderstanding which is quite obvious and which is how these situations arise. But it must remain a misunderstanding for the reason that the contentions of one side or the other have not been corroborated sufficiently for a Finder of Fact to be convinced what was said about compensation for finding a buyer for this business.

"The parties do agree that they discussed selling of the business and a possibility of one finding a buyer for the business and that some compensation of some kind might be paid. But there is where we have to say we don't know the answers from there on. We simply don't know what they said. So when we don't know what was said we are in the position of not being able to decide what was said.

"What that means in law is the law requires a party who is making a claim to prove his claim by a preponderance or greater weight of the evidence, and when one witness said, 'I did say such and such,' and the other witness said, 'I didn't,'—there is no preponderance of evidence—just a contradictory statement.

"This is often true in oral contracts. When one person says, 'Yes,' and another person says, 'No,' the Courts are not likely to accuse one or the other

of perjury or falsifying unless there is corroboration on one side or the other. That is lacking here. It just is one man's word against the other which is not enough to carry a lawsuit. There is no preponderance of the evidence in favor of the party asserting the claim. We just have a difference of opinion or a misunderstanding. So, we are not going to label either of these gentlemen with having falsified and if we said that one or the other should prevail, then we would be labeling the one who did not prevail with the stigma of not having told the truth—and we don't know.

"So the parties will have to be left where they are and will be left where they were when they came into Court. They will be left with their misunderstanding.

"Without corroboration there is no way to weigh what people say when they contradict each other. We can't simply look at people and decide who is telling the truth. That is not justice and we won't do so and the law says we don't have to do so unless the evidence preponderates—and it didn't in this case. The claim cannot prevail.

"I think there should be a second finding and that is the claim concerning commission has not been made since the parties did not agree on that. In fact, didn't even discuss commission.

"As far as quantum meruit is concerned—the evidence is not sufficient for a Court to pick a standard upon which to determine what the value of services might be. The only evidence we have here is that on commissions charged by specialists and we can take common knowledge that commissions include overhead expenses of the office, traveling expense. And commissions of this kind, also include as everyone knows, the spinning of the wheels or the time it takes for a salesman to make contacts which do not materialize. Real Estate Brokers' commissions are standard commissions based upon an estimate of the time it takes in making contacts which do not develop into a consummated sale, so we can't use commissions to determine quantum meruit. And since there is no other evidence here it wouldn't be possible.

"Mr. Koerner says the Courts may not guess and that is certainly true. We must not give judgments based on guess work. And for this Court to try to determine outside of the commission efforts what the value of these services has been would be a guess—a speculation you see. I haven't the slightest idea what the services would be outside of the commission theory. Oh, I have an idea but I am not permitted to speculate. My idea is merely speculation.

"Therefore, judgment must be rendered in favor of the defendants in this case and plaintiff must pay the costs. The exhibits in the case may be withdrawn."

In reviewing this case our problem is not in ascertaining whether the trial court's findings are supported by the evidence, as suggested by defendants, but rather in determining whether the findings, as we interpret them, support the legal conclusions applied.

Construing the trial court's findings, as best we can, we believe a fair analysis to be that the parties agreed that if plaintiff procured

a buyer "some compensation of some kind would be paid," but since the precise terms of compensation were not agreed upon quantum meruit could not be resorted to in order to fix compensation.

We cannot agree with the trial court's disposition of the case in this manner.

The trial court found the parties agreed "that some compensation of some kind might be paid," then further in its ruling contradictorily stated the parties, "In fact, didn't even discuss commission."

Further, it is to be noted, the trial court failed to find that plaintiff's services were to be gratuitous.

Plaintiff testified he was engaged generally in selling interests in oil properties and operations and his business activities were such that he was in contact with investors qualified to make sizable investments. Plaintiff had been acquainted with Frank A. Shaffer for about twenty years and had done business with defendants' printing shop.

Plaintiff is not a licensed real estate broker and there is no suggestion that his activities necessitated a license; nevertheless, his description of his activities places him within the general definition of a broker. (12 Am. Jur., 2d, Brokers, § 1, p. 772.)

The undisputed evidence discloses that plaintiff contacted a number of qualified purchasers and that the eventual buyer, who purchased the business for $55,000.00, was procured solely by the efforts of plaintiff.

Further, it appears from the trial court's findings and evidence found in the record that the conversation between plaintiff and Shaffer was had with a contractual intent and gave rise to a contract to pay a reasonable compensation to be determined under evidence relevant and admissible on the point. There is no evidence suggesting that plaintiff's services were to be gratuitous.

As we understand plaintiff's case, from his petition and evidence submitted at the trial, he does not attempt to establish an express contract as to compensation, but merely claims an agreement was made between the parties, that the defendants benefited therefrom, and that he is entitled to reasonable compensation for his services. In other words, although both remedies might have been pursued in the same action (*Berry v. Craig*, 76 Kan. 345, 91 Pac. 913), plaintiff is seeking recovery only on the theory of quantum meruit, rather than on an express contract full and complete in and of itself.

Apparently, the trial court adopted the view that plaintiff's failure to establish an express agreement as to compensation entirely barred his right of recovery.

Where there is no evidence showing that the services were to be gratuitous the law implies a promise to pay for services performed by one person for another which are known to and accepted by the latter. While some authority may be found to the contrary, we believe the prevailing rule is stated in 58 Am. Jur., Work And Labor, § 36, p. 540:

". . . The generally recognized doctrine is that although there was no contract, because the minds of the parties did not meet as to some of the essential terms thereof, a party thereto who furnishes material or renders services to the other party, relying on the terms as he understood them and thinking there was an express contract, is entitled to recover what the labor furnished was reasonably worth, even though that is in excess of the specified price. This is true where the minds fail to meet as to the compensation to be paid, and it is not material that property on which the labor was expended is not benefited to the extent of the worth of the labor. . . ."

For many years in this jurisdiction the doctrine quoted has been adhered to and quantum meruit applied in factual circumstances similar to those existing here. In the early case of *Turner v. Webster*, 24 Kan. * 38, written by Justice Brewer, it was held:

"CONTACT: Quantum Meruit. Where the parties contract for the doing of certain work, and the work is done and accepted, and it appears that there was a misunderstanding as to the price to be paid for it, the law rejects the understanding of each, and awards reasonable compensation." (Syl. ¶ 1.)

In *Williams v. Jones*, 105 Kan. 282, 182 Pac. 391, plaintiff recovered for services in the absence of an agreement as to compensation, on review of the case this court said:

". . . The findings in question were not that the defendant had said in so many words that he would pay for the plaintiff's services, but that in the situation the jury found to exist an agreement to that effect was reasonably to be implied. A mere request or direction to the defendant to do the work would be enough to warrant an inference that it was to be paid for, in the absence of evidence that it was to be gratuitous, or that the plaintiff was to be compensated in some other manner. . . ." (pp. 283, 284.)

In *Millspaugh v. McKnab*, 134 Kan. 579, 7 P. 2d 51, the plaintiff sought to recover on a basis of quantum meruit for his services in obtaining an oil and gas lease. The positions taken by the parties and applicable rules of law are set out in the opinion as follows:

"Appellants urge that the contract pleaded is an express contract whereby appellee agreed to perform certain services, but that the part of the contract

which deals with the compensation appellee is to receive is so vague and indefinite that no court can enforce it. He argues that recovery cannot be had on quantum meruit because the petition does not in any way ask a recovery on the reasonable value of the services rendered.

"Plaintiff did plead an express contract of employment, but the compensation was not fixed in dollars and cents. Does this prevent him from recovering what the services turned out to be reasonably worth? The rule is stated in 6 R. C. L. 649, as follows:

" 'However, after services or materials have been furnished and accepted, the fact that no price had been agreed on or that the compensation mentioned in the contract is too indefinite does not prevent the recovery of reasonable compensation.'

"This rule is followed in *Scott v. Wilson*, 185 Ia. 464, 170 N. W. 761. This case says:

" 'It often happens that there is an express contract as to the employment, but no agreement as to the amount of compensation, in which case the law implies a promise to pay reasonable compensation.'

"In *Hunter v. Ryan*, 109 Cal. App. 736, the contract was to pay a 'bonus.' The court held that this was really a contract to pay 'further reasonable compensation' and upheld a judgment. This view of the law has been adopted by this court and further citation of authorities is not deemed necessary. (See *Mitchell v. Derby Oil Co.*, 117 Kan. 520, 232 Pac. 224, and cases there cited.) In that case the contract was to 'make it right' with the person claiming for services. In the case at bar the record is full of the phrases 'be well paid,' 'make it right and satisfactory,' and others. We think this case comes within the principles laid down in the above cases." (pp. 581, 582.)

In the instant case plaintiff alleged and testified that the amount of commission was not discussed; that Shaffer merely stated he would award plaintiff a substantial check if a buyer were obtained. In his petition plaintiff asked for a reasonable commission and value for his services. We think the language used clearly falls in line with the phrases set out and discussed in the *Millspaugh* case. See also *Lambertz v. Builders, Inc.*, 183 Kan. 602, 331 P. 2d 559.

Shaffer's assertion that he agreed to pay only a $65 case of whiskey for a $55,000.00 sale, admittedly brought about by plaintiff's sole efforts apparently, and understandably, did not impress the trial court since no finding was made to that effect. This leaves the case with services fully performed by plaintiff and no agreement as to compensation.

The trial court found a misunderstanding between the parties as to compensation and that the contentions of neither party was "corroborated sufficiently for a finder of fact to be convinced what

was said about compensation for finding a buyer for this business." Defendants pick up this statement of the court and argue that it should be construed not as a finding that the terms of compensation were uncertain, but that plaintiff had failed to persuade the court that his version of the conversation was true and, therefore, his right to recovery was barred.

Regardless of which interpretation is given to the trial court's ruling, defendants are not benefited. If compensation was uncertain the doctrine of quantum meruit is applicable under the rules already noted; if a misunderstanding exists as to compensation and neither party succeeds in establishing his version with the court, the law rejects the understanding of each and awards reasonable compensation. (*Brown v. Quinton,* 86 Kan. 658, 122 Pac. 116; *Turner v. Webster,* supra.)

We are compelled to view this case as one in which plaintiff fully performed a valuable service to defendants which was known to, and accepted by, them. The absence of a definite agreement as to compensation does not bar recovery by plaintiff. It follows plaintiff is entitled to recover on a basis of quantum meruit. (*Lambertz v. Builders, Inc.,* supra; *Millspaugh v. McKnab,* supra; *Stewart v. Fourth Nat'l Bank,* 141 Kan. 175, 39 P. 2d 918.)

In its ruling the trial court suggested no evidence was offered sufficient "to pick a standard upon which to determine what the value of services might be." On this point it is to be noted plaintiff testified the reasonable value of his services to be ten percent of the sale price. Plaintiff was competent to give this testimony. (*Millspaugh v. McKnab,* supra.) The competency of a plaintiff to testify under these circumstances is the subject of an annotation in 5 A. L. R. 3d p. 948, where we find at page 949:

"The rule is well settled that ordinarily a person who performs services for another is competent to testify as to the reasonable value of his own services after they have been described with reasonable particularity."

If there is no agreement fixing compensation or if recovery is sought on the basis of quantum meruit any evidence tending to show the reasonable value of the services rendered by a broker or an agent is admissible. (12 Am. Jur. 2d, Brokers, § 253, p. 995; 3 Am. Jur. 2d, Agency, § 248, p. 615.) Factors to be considered and standards of measurement in determining reasonable compensation are enumerated in 58 Am. Jur., Work and Labor, § 10, p. 518.

In view of what has been said the judgment must be reversed and the case remanded with directions that reasonable compensation for the services rendered by plaintiff to defendants be determined in harmony with the views expressed in this opinion.

It is so ordered.