No. 46,858

Samuel E. Munn and Esther M. Munn, *Appellees*, v. Albert F. Bramble and Sadie E. Bramble, *Appellants*, Harvey E. Doud, *Cross-Appellant*.

(512 P. 2d 99)

Opinion filed July 14, 1973.

*Jack C. Maxwell*, of Lawrence, argued the cause, and was on the brief for the appellants.

*Robert P. Anderson*, of Payne and Jones, Chartered, of Olathe, argued the cause, and was on the brief for the appellees.

*John W. Brand, Jr.*, of Stevens, Brand and Brand, of Lawrence, argued the cause, and was on the brief for the cross-appellant.

The opinion of the court was delivered by

Prager, J.: This is an action for specific performance of a contract for the exchange of real estate. The only defense to the action asserted was that the plaintiffs made false misrepresentations as to the value of their real estate so as to preclude specific performance. The case was tried to the court which entered judgment granting specific performance. The district court made extensive findings of fact which essentially are as follows: The plaintiffs-appellees, Samuel E. and Esther M. Munn, are residents of Johnson county. The defendants-appellants, Albert F. and Sadie E. Bramble, are residents of Lawrence, Kansas. In the early spring of 1969 Mr. and Mrs. Munn were owners of certain commercial property located on Wyoming Street in Kansas City, Missouri. This property was subject to a first deed of trust in the approximate amount of $40,000 and produced a rental income of $850 to $900 per month. The Munns had acquired the property in 1963 as a speculative investment because of its proximity to the Kansas Uni-

versity Medical Center in Kansas City, Kansas. In 1969 the plaintiffs were not trying to sell this property.

Mr. and Mrs. Bramble were the owners of the Hillview Apartments in Lawrence, which were subject to a first mortgage emcumbrance of about $201,000 and a second mortgage of $48,000. Harvey E. Doud, a defendant and cross-appellant, is a licensed real estate agent in Kansas and Missouri. Doud was a friend of Albert Bramble, both having been Methodist ministers in Kansas in the early 1960s. Their relationship became such over the years that Doud as a real estate broker sold two fourplexes in Lawrence for the Brambles in 1965. He collected the commission from the buyer. He also sold Bramble some other commercial property in Lawrence. He arranged the purchase of the Hillview Apartments in October of 1967. In the late spring of 1969 Bramble became a business associate of Doud in the Bernard Sign Company in Lawrence, which relationship continued until the company was sold in October 1969.

Doud was also acquainted with the plaintiff, Samuel Munn. They had known one another in college and although the relationship was not close, Doud and Munn would have lunch together about once a year. They talked real estate. Doud sold Munn an apartment property on The Paseo in the spring of 1967. Prior to the events involved in this action this had been their only business relationship. In February 1969 Doud met Munn and heard about Munn's problem with the Paseo Street property. Munn mentioned his Wyoming Street property. Munn wanted to sell or exchange his Paseo property for apartments and he asked Doud to try to move the same.

In the spring of 1969 Bramble decided to sell his apartment property in Lawrence. He was planning to leave the area, perhaps to take an overseas church assignment, and did not have time to manage the apartments. He was interested in investing in other real estate. Bramble talked to Doud about selling the property. In Bramble's presence, Doud called Munn on the telephone about buying Bramble's apartments. Munn told Doud he was interested in disposing of the Paseo property because of some problems in that area. Doud told Munn that Bramble would not be interested in the Paseo property but would discuss taking the Wyoming Street property as a part of the deal on the Hillview Apartments. Munn said he would be willing to discuss it if Doud would bring him the figures. Doud came to Kansas City and brought with him an

operating statement on the apartments prepared by the defendant Albert Bramble. Doud told Munn that he would ask no commission from Bramble because of their past association. Doud asked Munn to put a price on the Wyoming Street property. Munn said he would sell it for $125,000 subject to the $40,000 mortgage, amounting to an equity value of $85,000. Bramble had put a price on the apartments in Lawrence of $320,000 subject to the first and second mortgages totaling approximately $250,000, amounting to an equity value of $70,000. Munn told Doud that he would trade with Bramble on the basis of the difference in equities and take a $15,000 secured note for the difference, payable in monthly installments. Doud told Munn that Bramble would do as Doud said and later Doud brought Munn a written contract. Munn took it to a friend in the real estate business who redrew the contract. The written contract as finally executed by the parties provided for exchange of the properties with a $15,000 secured note subject to proration for insurance, taxes, rent, etc. on both properties. The written contract provided for a closing date of July 1, 1969.

Prior to the execution of the contract the Munns visited the Hillview Apartments in Lawrence on at least two occasions. Bramble did not inspect the Missouri property but drove by on the day the contract was signed. Bramble obtained all his information or facts about the Missouri property from Doud. Neither Bramble or Doud asked for an appraisal of the Missouri property nor did they arrange to have the property appraised. The Munns and Brambles met with Harvey Doud at the Munns' residence in Johnson county on or about July 4, 1969. There the contract was signed. It carried the date of May 15, 1969, because that was the date on the first contract brought to Munn by Doud; however, it was by its terms to be performed by July 1, 1969. Doud was designated as the escrow agent and signed the contract in that capacity. At that time Munn gave Doud his title insurance policy, his deed, insurance papers and information on taxes. Doud had Bramble's abstract to the Lawrence property. He had kept it in his office since the property was acquired by Bramble in October 1967. Doud agreed to prepare a closing statement, prepare the deeds, prepare the second deed of trust note and otherwise close the transaction if Munn paid $10,000 to cover commission and expenses.

At or soon after the meeting of the parties to execute the con-

tract, Bramble and Munn exchanged checks as an adjustment of the rents on the respective properties and transfers of tenants' deposits. The checks were negotiated by the parties and cleared their respective banks. Bramble thereafter proceeded to collect rents on the Missouri property, kept the improvements insured and assumed and paid the monthly installments on the indebtedness. Bramble exercised dominion over the property and continued to do so to the time of the trial. During the same period Munn collected rent on the Lawrence property, paid the monthly installments on the indebtedness including insurance and taxes, and generally exercised dominion over the property to the time of the trial.

Munn inquired of Doud from time to time after July of that year about the closing papers. Munn also contacted Bramble about the closing and asked Bramble to talk to Doud about it. Nothing was done. Bramble planned to transfer the Missouri property to the Bernard Sign Company in return for an interest in the business. He deposited the rent receipts from the Missouri property in the Bernard Sign Company's bank account. The company paid the monthly payments on the indebtedness on the Missouri property. Apparently the business of the Bernard Sign Company did not work out and the company was sold on October 31, 1969.

In January of 1970 Bramble told Munn he was dissatisfied with the Missouri property and asked Munn to forgive the balance on the $15,000 note. Munn on the other hand had increased the cash flow of the Lawrence apartments by hiring a new manager and making other changes. Munn offered to discount the balance of the note by 50% for cash which was not accepted.

The trial court found that the services performed and to be performed by Doud in connection with the exchange of the properties in question were provided under such circumstances as to give Munn some reason to think they were not gratuitous insofar as Munn was concerned, but were performed by Doud with the expectation of compensation from Munn and that such services were beneficial to Munn. The trial court specifically found that Munn and Doud had no understanding as to the amount or rate at which Doud was to be compensated. On the issue of misrepresentation the district court found specifically that the Brambles had produced no evidence to support the charges that Munn took inequitable advantage of the Brambles or that the Munns were trying to force a harsh or unconscionable bargain upon the Bram-

bles. In this connection the trial court observed that Bramble was sufficiently capable in the business world to invest and reinvest until he had acquired an equity in an apartment complex valued at $320,000. In so doing Bramble had had the counsel and advice of Doud, the same person who brokered the exchange of properties here in question.

Based upon the findings of fact as just summarized the trial court entered conclusions of law to the effect that the plaintiffs Munn were entitled to specific performance of the contract for exchange of real estate and further awarded Doud a judgment for $4,250 against the Munns for his commission for effecting the exchange of the property in question, payment of which sum should be due upon compliance by defendant Doud with the duties incumbent upon him as escrow agent under the written contract. The costs were assessed against the Munns and Brambles in equal shares. The Brambles have brought an appeal to this court.

In their brief the Brambles as appellants cite a number of cases to the effect that equity will not enforce an inequitable contract and that specific performance may be denied by reason of a seller's misrepresentation as to the value of the property. (*Bird v. Logan,* 35 Kan. 228, 10 Pac. 564; *Shoop v. Burnside,* 78 Kan. 871, 98 Pac. 202; *Work v. Gas Co.,* 79 Kan. 118, 98 Pac. 801; *Young v. Schwint,* 108 Kan. 425, 195 Pac. 614.)

On the trial of the case the evidence was conflicting. The issue of false misrepresentation or unconscionable bargain was essentially a question of fact to be determined by the trier of fact. In our judgment the findings of fact on the issues in the case are supported by substantial competent evidence and, under the well recognized rule, must be accepted by an appellate court on appeal.

The trial court in its ruling on the motion for a new trial pointed out that when the Bernard Sign Company fell into economic difficulties, Mr. Bramble upon reflection decided he had in effect paid too much for his whistle. Bramble tried to back out of the deal, charging Munn with fraud and misrepresentation to defeat Munn's suit to require specific performance. The evidence was undisputed that Doud and Bramble had had a close personal and business relationship not only in previous real estate transactions but also as business associates in the Bernard Sign Company in Lawrence. Doud initiated the negotiations on the exchange of properties at Bramble's request. We also think it of importance that Bramble did not repudiate the transaction until January of 1970, a point of

time approximately six months after he had taken full possession of the Missouri property and had performed his obligations under the contract without complaint. We cannot say that the trial court's findings of fact and conclusions of law were not fully supported by the evidence in the case. We further have no hesitancy in holding that the trial court did not abuse its discretion in granting specific performance in view of the extent of performance of the contract by both parties. For these reasons the case must be affirmed on the appeal by the Brambles.

In his cross-appeal Harvey Doud contends that the trial court erred by fixing his broker's compensation in the amount of $4,250. He maintains that he should have been allowed a commission in the amount of $7,500, based upon a 6% commission on the value of the Munns' property at a figure of $125,000. There was a direct conflict in the evidence as to what, if any, agreement was made between Doud and the Munns about the amount of the commission to be paid on the transaction. Mr. Munn testified that he understood that Doud was acting on behalf of Bramble in view of their close personal relationship and the fact that Doud had promoted the negotiations at Bramble's request. Munn denied that he had made any agreement to pay Doud a commission. Doud testified to the contrary, stating that it was definitely agreed that a commission of 6% was to be paid on a property value of $125,000. The trial court found that under all the facts and circumstances Doud was entitled to a commission for his services but that there was no definite meeting of the minds as to the rate at which Doud was to be compensated. The trial court awarded Doud a commission, subject to Doud's completing and closing the transaction, based upon a theory of *quantum meruit*. Such a conclusion was entirely proper under our decision in *Brakensiek v. Shaffer*, 203 Kan. 817, 457 P. 2d 511. In *Brakensiek* we held that where parties agree for the performance of certain work and the work is done and accepted, and it appears that there was a misunderstanding as to the price to be paid for it, the law rejects the understanding of each and awards reasonable compensation.

We cannot say that, based upon a theory of *quantum meruit*, the trial court erred in awarding Doud a commission in the amount of $4,250 in this case. There was a controversy as to the value of Munns' property which was exchanged for the Brambles' property. Furthermore there was not a sale of property at an agreed price. Doud was the escrow agent acting to some extent on the behalf of

both parties. The trial court could have reasonably concluded that Doud should have received a portion of his compensation from the Brambles. The problem in this case is one which is often encountered where a real estate broker does not make it clear whom he is representing in a real estate transaction. The difficulty here would probably not have arisen if Doud had made it clear whom he was representing and if he had taken the trouble to include in the written contract for exchange of properties a provision for the payment of his commission. On the basis of the record before the court we find no abuse of discretion in the amount of commission allowed to Doud from the Munns. For this reason the cross-appeal must be affirmed.

The judgment of the trial court on both the appeal and cross-appeal is affirmed.