In re MAPES ENTERPRISES, INC., and consolidated cases, Debtors.

MAPES ENTERPRISES, INC., and consolidated cases, Plaintiffs and Counterdefendants,

v.

Angelo MORALES, dba Tahoe Tiburon Contract Interiors, and Does I–X, inclusive, Defendants and Counterclaimants.

Bankruptcy Nos. 80–839 to 80–842. Adv. No. 81–0038.

United States Bankruptcy Court, D. Nevada.

Nov. 9, 1981.

Cooper & Brifman by W. Austin Cooper, Sacramento, Cal., for plaintiffs.

Cláry & Colvin by Joe E. Colvin, Reno, Nev., for defendants.

## OPINION AND DECISION

BERT GOLDWATER, Bankruptcy Judge.

This is an adversary action to recover $500 for money loaned, later amended to include damages for defendant's wrongful and continuous possession of certain design renderings alleged to belong to plaintiffs. Defendant, a designer residing in Mill Valley, California, counterclaimed for payment for his design services and damages for misappropriation of his design concepts.

Early in January 1981, plaintiffs retained defendant for an agreed fee of $1,500 to submit his evaluation of the exterior and interior remodeling needed at the Mapes Hotel & Casino. In connection with his evaluation, defendant prepared four renderings.[1] Following presentation of the renderings to the Mapes Creditors' Committee meeting on January 28, 1981, the Committee gave its approval to proceed with remodeling. Defendant was paid $1,500 and submitted a "tentative agreement" (Exhibit 1) which specified the services he would perform if his firm were chosen to supervise the remodeling. The agreement stated defendant's hourly rate was $75 plus expenses for services including, but not limited to, preparing concept renderings of areas

1. Two renderings were prepared specifically for the Mapes project. The other two renderings had been prepared for another project but were adapted to the Mapes design.

to be remodeled and preparing a preliminary budget by obtaining the bids required for a cost determination.[2] The agreement further stated that a retainer of $5,000 was required.

The agreement was not signed, but in early February Ron Erickson, then manager of the Mapes Hotel, requested that defendant prepare a proposal within a $275,000 budget. Defendant returned to Reno February 8, worked "around the clock" with his assistant, and prepared the proposal submitted at the Creditors' Committee meeting on February 11.[3] Defendant returned to Mill Valley February 13, but was shortly thereafter requested to return to Reno.[4]

During both trips, defendant discussed his hourly rate with various Mapes' management personnel. Defendant was told the hotel could not continue paying $75 an hour and that some type of incentive percentage program had to be developed. In order to encourage defendant to work until such a program could be developed, the hotel arranged for defendant to draw $500 against the amount due him.[5] The incentive percentage program did not materialize. Unhappy with the unsettled arrangements, defendant terminated his employment on February 16, 1981. He submitted a bill of $7,460 for his and his assistant's work through February 19, 1981. With this bill, defendant also submitted another "proposed agreement" (Exhibit B) similar to the tentative agreement submitted in January.

The second agreement, like the first, was not signed. Nevertheless, defendant was again, for the third time, requested to return to Reno with assurances that the conditions of his employment would be resolved. Defendant returned February 25, but left February 27. On leaving defendant took with him all of his renderings. He was not further consulted or paid.

Plaintiffs, in addition to their claim for $500 loaned, seek damages based upon wrongful removal of the drawings which caused remodeling to be delayed until plaintiffs' busiest season. Defendant counterclaimed for the work that he performed in February. He also claims $10,000 damages for use of his design concepts in remodeling upon the ground that the $1,500 payment in January did not entitle plaintiffs to retain his renderings or use the ideas expressed in those renderings.

I.  Loan and Payment Claims

■  The creation of a contract requires that two parties mutually assent to the same bargain at the same time—an assent which is usually in the form of an offeree's acceptance of a definite and certain offer by the offeror. *Restatement (Second) of Contracts* § 1, (1979). An offer is a proposal by one party to another, manifesting a present intention to a contract and setting up a power of acceptance so that a contract may be created. *Restatement, supra* § 24. An acceptance is a voluntary act by the offeree indicating his present, unequivocal assent to each and every term of the offer, and communicated to the offeror in an authorized manner. An acceptance must be judged by whether the offeree's communication would lead a reasonable person to conclude that the offer had been accepted. *Restatement, supra* § 50.

Defendant submitted offers to plaintiffs on two occasions but those offers were not accepted by plaintiffs. Although plaintiffs requested that defendant perform continued services, the agreements submitted by defendants were not signed and retainers were not paid. Defendant could not reasonably conclude that his offers had been accepted and consequently there was no written contract binding the parties to pay-

---

2.  An hourly rate for defendant's assistant was not included.

3.  At the February 11 meeting, the Committee authorized the Mapes management to "spend sums up to $300,000.00 on remodeling and redecoration of the Mapes Hotel exterior and interior rooms."

4.  Hotel records show that defendant was in the hotel February 8, 9, 10, 11, 12, 18, 19, and 20.

5.  Defendant was given this money from the casino cage and signed vouchers for $300 and $200. This is the amount which plaintiffs now contend was a loan.

ment on an hourly basis to defendant and his assistant.

Nevertheless, defendant is entitled in quantum meruit to the value of his services.[6] Where the minds of parties fail to meet on the essential terms of a contract for services, the party who renders services relying on the terms of the contract as he understands them is entitled to recover what the labor furnished is reasonably worth. *Brakensiek v. Shaffer*, 457 P.2d 511, 203 Kan. 817 (1969). Plaintiffs were on notice from defendant's offers that any work, including the preparation of concept renderings and obtaining bids for a preliminary budget, would be done at $75 an hour. Plaintiffs solicited defendant's work and encouraged him to continue working by giving him advances from the cage, making references to his hourly wage, and attempting to develop an incentive program thereby allowing defendant to rely on the terms of the agreements he submitted.

The Court finds that defendant is entitled to $7,332.90 for the reasonable value of his time and expenses as shown on the February 16, 1981 summary, less plaintiffs' advances of $500.[7] The Court also finds that defendant is entitled to $1,725 for the reasonable value of twenty-three hours of his services from February 20, 1981 to February 26, 1981.

II. Claims as to renderings and misappropriation of design concepts

When defendant left the Mapes February 27, 1981, he took with him the renderings he had done during the course of his work. Those renderings are now in the possession of this Court.

Plaintiffs' contention that defendant's wrongful possession of the drawings caused remodeling to be delayed is without merit. The uncontradicted testimony was that it is the custom of the trade that a designer's plans, drawings, or designs are property of the designer and do not become the property of the person or entity for whom they are done unless the parties otherwise agree. No evidence was presented that plaintiffs engaged defendant to do anything more for the agreed fee of $1,500 than *show* his renderings in order to persuade the Creditors' Committee to proceed with remodeling.

Defendant's contention that certain of his design concepts were misappropriated was established by testimony of plaintiffs' art director that she used one of defendant's drawings to develop the logo now being used by the Mapes. The Court finds that defendant is entitled to damages of $2,500 for use of his drawing in the development of plaintiffs' logo.

Let judgment be entered accordingly.

---

6. Recovery for value of services rendered may only be had on quantum meruit when there is no agreement between parties concerning compensation to be paid. *Schreiber v. Armstrong,* 374 P.2d 297, 70 N.M. 419 (1962).

7. On his summary of expenses, defendant listed expenses of $127.10 incurred on January 30, 1981. These expenses should have been covered by the $1,500 fee paid to defendant in January.