(154 P.3d 521)

No. 96,330

HUTCHINSON HOSPITAL CORPORATION, *Appellee*, v. JAMES E. NEAL, *Appellant*.

—

Opinion filed March 30, 2007.

*Mitchell W. Rice* and *Matthew L. Bretz*, of Bretz Law Offices, of Hutchinson, for appellant.

*Bruce C. Ward* and *Neal B. Brady*, of Wichita, for appellee.

Before McANANY, P.J., ELLIOTT and PIERRON, JJ.

McANANY, J.: Hutchinson Hospital Corporation (hospital) sued James E. Neal in a limited actions proceeding pursuant to Chapter

61 to collect unpaid medical bills. The district court entered judgment for the hospital at the pretrial conference and Neal appeals.

Neal apparently was an uninsured patient at the hospital. He claims on appeal that upon admission to the hospital he signed an agreement to pay the hospital's charges "in accordance with its regular rates and terms." He further claims the contract for medical services was otherwise silent as to the hospital's charges. Finding no support in the record for these statements, we disregard them. See *Smith v. Printup*, 254 Kan. 315, 353, 866 P.2d 985 (1993).

Examining the record before us, we see that in its petition the hospital asserted that Neal owed $23,938.53 plus prejudgment interest at the rate of 10% from September 17, 2004, but offered no basis for this calculation. Neal filed an answer in which he denied the hospital's claim. About 2 weeks later the district court conducted a pretrial conference pursuant to K.S.A. 61-3201.

At the pretrial conference, Neal stated that he intended to call no witnesses but planned to cross-examine the hospital's witnesses in order to prove the unreasonableness of the hospital's charges. The district court found this was not an adequate legal defense and entered judgment for the hospital pursuant to K.S.A. 61-3201(d). Neal appeals.

Neal's attorney claims he has since learned that the district court judge was a member of the hospital's board of directors at the time he entered the hospital for treatment. He argues this constitutes an additional basis for reversal.

The applicable portion of K.S.A. 61-3201(d) provides:

"If both parties appear at the pretrial hearing, the court shall conduct a conference with the parties to clarify the issues for trial and explore the possibilities of settlement. If the defendant does not have a legal defense to the petition, the court may enter judgment against the defendant for the relief demanded in the petition . . . ."

There is no case law that specifically interprets K.S.A. 61-3201(d). Neal's appeal presents us with a question of law over which our review is unlimited. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

Neal filed an answer in which he denied the debt and its amount. At the pretrial conference he conceded that the hospital provided some services, but argued that there remained an issue regarding the reasonableness of the hospital bill. In entering judgment in favor of the hospital pursuant to K.S.A. 61-3201(d), the district court concluded that Neal had no legal defense to the hospital's suit. It entered judgment against Neal in the full amount of the hospital's claim, including its claim for prejudgment interest at 10% per year from September 17, 2004. There is nothing in the record to explain the significance of September 17, 2004. The record contains no copy of the hospital's bill. None was attached to the petition. The petition was not verified. No affiant swore to the reasonableness of the hospital's bill. The court had before it nothing from which it could conclude that the hospital bill was reasonable.

The hospital is entitled to recover for its services even though the parties have not reached an agreement on the specific price to be paid. See *Millspaugh v. McKnab,* 134 Kan. 579, 582, 7 P.2d 51 (1932). The law imposes a duty upon Neal to pay the hospital's reasonable charges for its services. See *Brakensiek v. Shaffer,* 203 Kan. 817, 821-23, 457 P.2d 511 (1969). If there was a written contract for services and the contract did not contain an explicit price term, the district court was required to set a reasonable price. The district court had before it no evidence whatsoever with which to establish the value of the hospital's services. Judgment pursuant to K.S.A. 61-3201(d) was improper without further findings because the amount and reasonableness of the medical bills were material facts that remained in dispute.

The hospital argues that the district court's actions are consistent with the provision of K.S.A. 61-2806 which calls for the liberal construction of the statutes regulating limited actions in order "to secure the just, speedy and inexpensive determination of every action or proceeding." While these proceedings proved to be speedy and inexpensive, we do not believe justice is served by denying a trial to resolve disputed material facts and by entering a judgment for which there is no evidentiary support. Accordingly, we vacate the judgment against Neal and remand the case for trial.

Finally, Neal alleges that the district court judge was biased because she was a member of the hospital's board of directors at the time the contract at issue in this case was formed. There is nothing in the record to support this claim. Further, issues may not be raised on appeal which were not raised before the district court. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003). Nevertheless, upon remand we are confident that the district judge to whom this case is presently assigned will be mindful of the fact that our Code of Judicial Conduct prohibits not only judicial impropriety but also the appearance of impropriety. Thus, if Neal's allegations regarding the connection between the district judge and the hospital are true, we expect the matter to be tried before a different district judge in order to avoid any appearance of impropriety.

Reversed and remanded for trial.