NOT DESIGNATED FOR PUBLICATION

No. 119,671

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CREDIT MANAGEMENT SERVICES, INC.,
*Appellee*,

v.

AISHA TAHIRKHELI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed July 26, 2019. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli & Premer-Chavez, L.L.C., of Liberal, for appellant.

*Dana Kay Fries*, of Grand Island, Nebraska, for appellee.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

LEBEN, J.: Aisha Tahirkheli appeals the judgment entered against her for charges incurred at Lawrence Memorial Hospital. The charges were reasonable in amount and she had authorized the treatment. She contends, however, that the hospital (or its successor) must show not only that these were reasonable charges for the services provided to her but also that the services were medically necessary.

But that's not a requirement in a case like this one, in which Tahirkheli authorized the services provided. Because there was no requirement that the hospital provide medical testimony that the treatment provided was medically necessary, the district court properly entered judgment against Tahirkheli.

With that overview, let's review how the case arose in more detail. Tahirkheli went to Lawrence Memorial Hospital five times between September 2015 and September 2016. Each time, the hospital provided services to her, and she consented to the treatment provided.

Four of the visits were to the emergency room, and extensive testing, even including magnetic resonance imaging (MRIs), was done. For the first two of those visits, Tahirkheli had applied for and been accepted into the hospital's financial-assistance program. Under that program, her bills for the first two ER visits were reduced to $50 each. (Before adjustments, the original bills were $4,984 and $10,410.)

A patient's acceptance into the hospital's financial-assistance program lasts for one year. After that, the person must reapply and again provide income information. Tahirkheli didn't reapply, so she was not in the financial-assistance program for her third and fourth ER visits or for some outpatient lab work:

- On the third ER visit, the services included intravenous infusions, and the hospital's total charge was $2,991.30. After insurance payments and adjustments, the hospital billed Tahirkheli $2,033.14.
- On the fourth DR visit, the services included lab work, and the hospital's total charge was $1,904.00. After insurance payments and adjustments, the hospital billed Tahirkheli $298.52.
- Her final visit was for outpatient lab services. The hospital's total charge was $809.00, but after insurance payments and adjustments, the hospital billed her $123.98.

The hospital sent bills to Tahirkheli at the address she had provided; none were returned as misaddressed. Nor did Tahirkheli complain to the hospital about any of the bills; she neither responded nor paid them. After three billings, the hospital's policy is to

assign the bills to a collection agency, and the hospital assigned these bills to Credit Management Services, Inc. (Tahirkheli hasn't challenged that assignment.) Credit Management sued to collect the balance due, $2,564.56.

The claim was tried to the court in Douglas County. Credit Management presented only one witness, David Watson, a financial counselor for the hospital. Tahirkheli didn't present any evidence.

Watson identified the bills and explained the hospital's billing practices. He said the hospital hires consultants each year to review its prices within the regional market so that the hospital's charges can be around the market average. He said he had reviewed the bills for Tahirkheli's services and that the charges were reasonable. Watson also identified a consent form signed by Tahirkheli authorizing the hospital to provide services to her each time she incurred charges.

Tahirkheli's attorney cross-examined Watson about whether he had any understanding of the medical nature of the services provided. Watson agreed that he didn't know the reason certain tests were given or whether the specific treatment and tests provided on each date were medically necessary.

The district court found that the hospital had provided the treatment and services set out in the billing statements and that the charges were reasonable. The court entered judgment for Credit Management and against Tahirkheli for $2,564.56, the full amount sought. Tahirkheli then appealed to our court.

On appeal, Tahirkheli raises a single argument—that Credit Management didn't prove any of the treatment was medically necessary. In her appellate brief, she argues: "A very reasonable price of tea in China means nothing to a person who does not need tea . . . . No one would pay for tires regardless of a reasonable price[] if what they need is

a car battery." Without evidence that the treatment was medically necessary, she claims that judgment should have been entered in her favor.

But medical necessity was never part of the legal claim Credit Management had made against Tahirkheli. While there are some cases in which a party must make that showing, that's a rule applicable in tort suits, not ones based on contract or quasi-contract like we have here. In a tort suit, such as a claim for negligence, the plaintiff claims that the defendant's negligence has caused the damages being sought. So if the damages are medical bills, the plaintiff must show that the charges were reasonable and that the treatment was necessary in response to injuries caused by the defendant's negligence. Otherwise the damages wouldn't have been caused by the defendant's negligence and couldn't be recovered on a tort claim. See *Martinez v. Milburn Enterprises, Inc.*, 290 Kan. 572, 589, 233 P.3d 205 (2010); PIK Civ. 4th 171.02 (2016).

Here, though, Credit Management's claim was one for quantum meruit, also known as a claim of unjust enrichment or as a quasi-contract claim. See *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, Syl. ¶ 5, 910 P.2d 839 (1996). To recover, the plaintiff must show that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated and knew about the benefit conferred; and (3) the defendant accepted and retained the benefit under circumstances that make that retention unjust. *University of Kansas Hosp. Auth. v. Board of Wabaunsee County Comm'rs*, 299 Kan. 942, 960, 327 P.3d 430 (2014); *Haz-Mat Response*, 259 Kan. 166, Syl. ¶ 6. When the plaintiff makes those showings, the plaintiff has a right to recover the reasonable value of the services or benefits provided. See *Consolver v. Hotze*, 306 Kan. 561, Syl. ¶ 1, 395 P.3d 405 (2017).

Now that we've reviewed the elements of a quantum meruit claim, we can see the problem with Tahirkheli's argument in this appeal: she doesn't negate any of the elements of a quantum meruit claim. Credit Management showed that the hospital had conferred a

4

benefit on her by providing medical treatment and services; that Tahirkheli knew the benefit was being conferred and signed authorizations for it; and that she accepted the services without paying any of the out-of-pocket costs. And Watson's testimony that the charges were reasonable hasn't been challenged.

Rather than discussing the elements of a quantum meruit claim, Tahirkheli cites one Kansas Supreme Court case to support her argument, *Via Christi Regional Med. Center v. Reed*, 298 Kan. 503, 314 P.3d 852 (2013). But that case enforces a medical-necessity requirement because it arises in the context of a tort claim and because of specific statutory language.

The *Via Christi* case involved a statute, K.S.A. 65-406, that gives a hospital a lien when the hospital provides treatment to an accident victim and that victim brings a claim against someone else. That claim is almost certain to be a tort claim, so the victim will recover against the other party only if the expenses were reasonable and necessary. Appropriately, the same limitation is put on the hospital when enforcing its statutory lien—something directly set out in the statute. See K.S.A. 65-406(b) ("Such lien shall be to the amount of the reasonable and necessary charges of such hospital for the treatment . . . ."). Neither *Via Christi* nor the lien statute apply when, like here, someone goes to the hospital for services and the hospital makes a claim directly against that person.

In sum, Tahirkheli sought treatment and services from Lawrence Memorial Hospital. The hospital has a right to recover the reasonable value of the services provided. See *Via Christi*, 298 Kan. at 516; *Hutchinson Hospital Corp. v. Neal*, 37 Kan. App. 2d 497, 499, 154 P.3d 521 (2007). The hospital has assigned its claim to Credit Management, and the district court accepted Watson's testimony that the hospital bills were reasonable charges for the services. We affirm the district court's judgment.